## A. B. THOMPSON

*v.*

CLEVELAND, CIN., CHICAGO AND ST. LOUIS RY. CO. *et al.*

*Opinion filed April 18, 1907.*

1. RAILROADS—*a railroad company does not owe to licensee the duty of warning.* One whose stock has gotten upon the right of way of a railroad company through the latter's negligence in not maintaining cattle-guards has an implied license to go upon the right of way to drive off the stock, but while he is upon the right of way, and not upon the highway, the railroad company does not owe to him the duty of sounding the whistle or ringing the bell or otherwise warning him of the approach of its train.

2. SAME—*when right of recovery does not depend upon contributory negligence.* In an action for personal injuries received upon a railroad right of way by a trespasser or licensee, the question to be determined is not whether the plaintiff was guilty of contributory negligence in going upon the right of way, but whether the defendant violated any duty which it owed to the plaintiff.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Edgar county; the Hon. JAMES W. CRAIG, Judge, presiding.

The railroad of the defendants in error crosses a certain public highway in Edgar county. On August 4, 1904, there were no proper cattle-guards at this crossing. On said date plaintiff in error was driving a number of calves along the highway. When the calves reached the railroad crossing they turned and went a few yards along and upon the railroad right of way. Plaintiff in error followed, and was attempting to drive them back to the highway when a train operated by defendants in error approached the crossing at a high rate of speed without ringing a bell, sounding a whistle or giving any other signal of its approach. Plaintiff in error did not know of the approach of the train until it was quite near him, when he sought to reach a place of safety at the side of the right of way, but being old and compelled to move slowly he was unable to do so, and while he was attempting to cross a ditch on the right of way in his endeavor to reach a safe place, the locomotive of the train struck one of the calves and hurled it against the plaintiff, thereby injuring him to such an extent as to require amputation of one of his legs.

Plaintiff in error brought an action of case in the circuit court of Edgar county seeking to recover damages from defendants in error for the injuries so received by him. He filed a declaration containing two counts, each of which sets up the facts above stated. The two counts are alike, except one charges negligence in failing to ring a bell or sound a whistle continuously for eighty rods as the train approached the crossing, as required by statute, and the other charges negligence generally in failing to give any signal or warning of the approach of the train. Both counts allege that except for the negligence of defendants in error in fail-

ing to give the proper warning of the approach of the train to the crossing plaintiff in error would have discovered the approaching train in time to have removed himself to a place of safety.

The circuit court sustained a general demurrer interposed to the declaration, and plaintiff in error electing to stand by his declaration, judgment was entered in favor of defendants in error. Plaintiff in error sued out a writ of error from the Appellate Court for the Third District, where the judgment of the circuit court was affirmed. He now brings the cause to this court by writ of error.

F. W. DUNDAS, for plaintiff in error.

GEORGE B. GILLESPIE, (L. J. HACKNEY, HAMLIN & GILLESPIE, and R. L. McKINLAY, of counsel,) for defendants in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

Plaintiff in error was on the right of way of defendants in error, attempting to drive his calves to the highway, when he was injured. The calves had reached the right of way as a result of the negligence of defendants in error in failing to provide legal and proper cattle-guards at the crossing. Such negligence, however, cannot be made the basis for recovery by plaintiff in error, as it was not the proximate cause of the injury to him.

Plaintiff in error, under the circumstances, had an implied license to go upon the right of way for the purpose of driving his calves away. While he was upon the right of way the only duty which defendants in error owed to him was to refrain from wantonly or willfully injuring him. It is not averred that the injury was wantonly or willfully inflicted, but it is averred that because of the failure of the defendants in error to ring a bell or sound a whistle, or give

some other warning of the approach of the train, plaintiff in error was injured.

Plaintiff in error has argued the case in this court as though his right to recover depended solely upon the question whether or not he was guilty of contributory negligence in going upon the railroad right of way. He quotes, in his argument filed in this court, from section 97 of Shearman & Redfield on the Law of Negligence, to the effect that in order to defeat a recovery by the plaintiff on the ground that he was trespassing when injured, the trespass must be culpable and not merely technical. This statement of the law is used in discussing whether or not a trespasser is guilty of contributory negligence. In the same section the following language is found: "Most of the reported cases which appear at first sight inconsistent with this proposition * * * will prove, upon examination, to be cases which turned, not upon contributory negligence, but upon the question whether the defendant owed any duty to persons in the plaintiff's situation which he had neglected to perform, which is an entirely different matter."

The question here is, not whether it appears from the declaration that plaintiff in error was guilty of contributory negligence in going upon the right of way, but whether the defendants in error owed to the plaintiff in error the duty of giving warning of the approach of their train by ringing a bell, sounding a whistle or otherwise.

In *Williams* v. *Chicago and Alton Railroad Co.* 135 Ill. 491, it was held that unless the injured person was upon a public highway or was a passenger upon the train, the railroad company owed him no duty to ring a bell or sound a whistle as required by statute, and he could not hold the railroad company liable for a failure to perform the statutory duty, because the company had violated no duty which it owed to him. The same principle was applied in *Illinois Central Railroad Co.* v. *Eicher,* 202 Ill. 556, where it was held that the only duty which a railroad company owes to

a trespasser or to a licensee is to refrain from wantonly or willfully injuring him, and to use reasonable care to avoid injury to him after he is discovered to be in peril.

The declaration in the case at bar does not disclose any violation of duty which the defendants in error owed to plaintiff in error. For that reason, and not because it appeared from the declaration that the plaintiff in error was guilty of contributory negligence, the demurrer was properly sustained.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*