**H. H. Howell, Administrator, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.**

1. PLEADING—*when declaration sufficient after verdict to show status of plaintiff's intestate as that of more than mere licensee.* Held, that the declaration in this case, after verdict, sufficiently alleged that the plaintiff's intestate was something more than a trespasser or a mere licensee.

2. VERDICT—*when set aside as against the evidence.* A verdict will be set aside on review as against the evidence where clearly and manifestly so.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Edgar county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1907. Reversed and remanded. Opinion filed April 21, 1908.

GEORGE B. GILLESPIE, for appellant; L. H. HACKNEY, HAMLIN & GILLESPIE and R. L. McKINLEY, of counsel.

J. W. HOWELL and FRANK T. O'HAIR, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover damages for wrongfully causing the death of appellee's intestate, Constantine Mantzikos. A trial by jury in the Circuit Court of Edgar county resulted in a verdict and judgment against appellant for $1,254.25. The declaration alleges that the deceased was in the

service of appellant doing construction work with other laborers at various points along its line; that a certain servant of the appellant was placed in charge of such construction work and of the deceased and other laborers who worked under him; that the deceased and other laborers were paid a stipulated price for their services and such laborers were required to furnish their own food, provisions and supplies at a place of shelter and abode provided for them by appellant; that while so engaged at and near the village of Wetzel the said laborers were provided a certain hand-car with which the deceased and said other laborers might proceed along said railway to a point where food and other necessary supplies for their support might be obtained; that the servant directing said deceased and his co-laborers had full power and authority to direct them to make use of a certain hand-car provided by the defendant for the purpose of procuring supplies along said railroad; that on August 2, 1905, said deceased and three other laborers, being so directed by said servant, so having authority to procure a hand-car, proceeded on the hand-car from a point near Wetzel to Paris, a distance of five miles, to obtain supplies, and while they were returning on the railway of appellant in the exercise of due care for their own safety, were run down by an engine which was reversed and running with the tender forward at the rate of about twenty-five miles per hour, in the night time, without any light on the tender to warn persons rightfully upon the track that it was approaching; and that because of the negligence of the defendant in failing to provide lights, bells, whistles or some signal upon the front of said cars, engine and tender, or some part thereof, to notify persons of the approach of said train of cars, said deceased was then and there killed, etc. To this declaration appellant pleaded the general issue.

It is first urged by appellant that the declaration does not state a cause of action and that the court

erred in overruling the motion in arrest of judgment. This position is predicated upon the assumption that the allegations of the declaration amount to nothing more than a charge that the deceased was a bare licensee upon appellant's railroad at the time he was killed, and it is not alleged that the deceased was killed by the wilful or wanton act of appellant, but merely that his death resulted from the negligent failure of appellant to give warning of the approach of the train by a light upon the tender of the locomotive, or by some signal or warning sound of bell or whistle.

It must be conceded that as to a trespasser or bare licensee upon its track, a railroad company owes no duty except to refrain from wantonly or wilfully injuring him, and to use reasonable care to avoid injury to him after he is discovered to be in peril, and that to such trespasser or bare licensee a charge that the injury complained of resulted from negligence merely, is not sufficient to support a recovery. I. C. R. R. Co. v. Eicher, 202 Ill. 556; Thompson v. C., C., C. & St. L. Ry. Co., 226 Ill. 542. We think that the allegations of the declaration in the case at bar are sufficient after verdict to determine the status of the deceased in his use of the hand-car upon appellant's track as more than a bare licensee.

While the declaration does not allege the existence of a contract between appellant and the laborers performing its construction work which imposed a duty upon appellant to provide means for transporting necessary provisions from a point of supply to the place where such laborers were engaged in working, it does allege that said laborers were provided by appellant with a hand-car whereby they might proceed along the railroad to a point where food and other necessary supplies might be obtained, and upon the occasion in question that the deceased with three other laborers was directed to take a hand-car and proceed to Paris, a distance of five miles, for that purpose. Under such circumstances the deceased and his co-laborers upon

the hand-car were neither trespassers nor bare licensees, and the duty was imposed upon appellant to exercise reasonable care in the operation of its trains to prevent an injury to such laborers using a hand-car upon its track by its express consent and direction.

That this was the view of counsel for appellant as to the legal duty of appellant in the premises is manifest from a consideration of the instructions given to the jury at the request of appellant, which instructions predicated a right of recovery upon proof that the deceased was using the hand-car with the permission and consent of appellant; that appellant was guilty of the negligence alleged in the declaration, and that appellee's intestate was in the exercise of due care for his own safety.

It was incumbent upon appellee in order to establish the status of the deceased as other than that of a trespasser or bare licensee to show by a preponderance of the evidence that the hand-car in question was provided by appellant to be used by the deceased and his co-laborers for the purpose of procuring necessary provisions and supplies, and that some one acting for appellant, with authority so to act, expressly authorized and directed the deceased and his co-laborers to use the hand-car upon the occasion in question. A careful consideration of the evidence in the record compels us to the conclusion that it is not sufficient to support a finding against appellant upon this issue. The only evidence offered on behalf of appellee in support of the averment in the declaration that the hand-car in question was provided by appellant to be used by the deceased and his co-laborers for the purpose of procuring necessary provisions and supplies, and that some one in authority expressly authorized and directed the deceased and his co-laborers to use the hand-car, is the testimony of the witness Regas Regopoulos. This witness was one of the laborers who accompanied the deceased upon the hand-car from Wetzel to Paris. He was unable to speak English and his testimony was

given through an interpreter. He testified that all communication between the Greek laborers and the other employes of appellant was carried on through an interpreter.

In response to the question by counsel for appellee as to what the deceased or any of the Greek laborers who went to Paris said to the foreman about getting a hand-car to go to Paris to get provisions the witness, Regopoulos, testified: "The interpreter asked second boss, American, five minutes before he quit work, if we could get the hand-car to come to town to buy provisions." He said, "Take it, here, let them have it." On cross-examination the same witness testified: "There were two men bossing the gang, a Greek and an Englishman. I never heard the Englishman's name. The Greek foreman he asked the permission of the Englishman to take the car. The Greek came back and said it was all right. The name of the Greek foreman is Peter Economopoulas. The boss gave us permission to take the car. We talked to the Greek and both the Greek and Englishman came back and said 'take the car.' Do not know the name of the English foreman." This evidence is manifestly too indefinite, uncertain and unsatisfactory to establish the identity of the person alleged to have authorized the deceased and his co-laborers to take and use the hand-car, or the authority of such person to act in the premises.

Furthermore, the testimony of this witness is, we think, successfully impeached by a written statement signed by him on August 9, 1905, in which he says that the hand-car was taken without the permission of the boss.

John Winn, a witness called on behalf of appellant, testified that he had charge of the gang of men employed in construction work at Wetzel; that no Greek was employed in any capacity as foreman or boss; that no application was made to him on behalf of the deceased or any of his co-laborers for permission to

take and use the hand-car upon the occasion in question; and that he did not give any such permission.

Having arrived at the conclusion that the verdict of the jury upon the issue indicated is against the manifest weight of the evidence it is unnecessary to discuss and determine the other question argued on behalf of appellant. The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*