William U. Halbert, Administrator, Appellant, v. Wabash Railroad Company, Appellee.

1. Railroads—*when not required to ring bell.* The statutory duty of a railroad company to ring a bell or sound a whistle upon approaching a highway is not intended for the benefit of those who are not traveling upon such highway; the railroad company owes such duty only to persons approaching and about to pass over the highway crossing.

2. Pleading—*when declaration does not state cause of action.* A declaration in an action on the case against a railroad company

for injuries suffered while upon the tracks of such railroad company, does not state a cause of action if it fails to show the violation by such railroad company of any duty due to such person and if it likewise fails to show that such person so injured was rightfully upon such tracks.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of St. Clair county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed November 13, 1909.

JOSEPH WHELESS and LOUIS KLINGEL, for appellant.

KRAMER, KRAMER & CAMPBELL, for appellee; J. L. MINNIS, of counsel.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

In this case the court below sustained a general and special demurrer to the declaration, and appellant who filed the same, having elected to stand by it, judgment was rendered against him in bar of the action and for costs.

The question presented to us is whether the declaration stated a good cause of action. Each of the four counts of the declaration, stated that appellee, the Wabash Railroad Company, on October 22, 1906, and for a long time prior thereto, in the city of Venice, in Madison county, Illinois, owned, used and operated a certain railroad extending through said city of Venice and a part of said county; that a part of said railroad lay within a tract of land reserved and used by appellee and several other railroad companies as "railroad yards," where a number of main and switch tracks were laid and operated by said companies, including appellee; that appellee's servants were then and there engaged in driving a locomotive engine and train of freight cars, through said railroad yards in

said city, towards a point where the tracks crossed a
public street, called Broadway; that Domenico Zito,
appellant's intestate, was then and there employed as
a servant of the Cleveland, Cincinnati, Chicago and
St. Louis Railroad Company otherwise known as the
"Big Four" Railroad, the tracks of which, in the city
of Venice, lay near to and parallel with the appellee's
tracks; that Zito was employed as a laborer on the
tracks of said Big Four railroad in said railroad
yards; that the employes of each said railroad compan-
ies, working in said yards, commonly and ordinarily
passed back and forth therein, over and across the
tracks of the several railroads, with the knowledge and
permission of said several companies, including ap-
pellee; that while said Zito with all due care and dili-
gence was then and there walking across the tracks
of appellee, within said yards and near the said cross-
ing over the said public highway, he was struck by ap-
pellee's said locomotive engine and train with such
force and violence, that he was crushed and killed.

The negligence set out in the first count is that the
servants of appellee, carelessly and improperly drove
and managed said locomotive and train; in the second,
the failure of appellee's servants in charge of said lo-
comotive engine, to ring the bell or sound the whistle
in approaching the crossing; in the third that the train
was being run at a higher rate of speed than permitted
by the city ordinance of Venice; and in the fourth, the
failure of appellee's guard or watchman to lower the
gate or bars at said Broadway crossing upon the ap-
proach of the train. There was no charge of wilful-
ness or wantonness on the part of appellee in any
of the counts.

As regards the charge in the second count, it has
been held that the statutory duty of a railroad to ring
the bell or sound the whistle, upon approaching a high-
way, is not intended to be for the benefit of those who
are not traveling upon such highway and that the rail-
road company owes such duty only to persons ap-

proaching and about to pass over the highway crossing. Williams v. C. & A. R. R. Co., 135 Ill. 491; L. E. & St. L. R. R. Co. v. Lee, 47 Ill. App. 384.

It clearly appeared from each count of the declaration that Zito was not upon the public highway but was upon appellee's track in the railway yards and it is therefore manifest that he did not belong to the class of persons for whose benefit railroad companies are required to give such signals.

It is equally plain that the operation of bars or gates at a public crossing is intended for the protection of those who are intending to pass over the railroad track at such crossing and not for the protection of persons walking on or near the track at other places. For these reasons the demurrer was properly sustained as to counts 2 and 4.

There is another objection that applies equally to all the counts which is the charge that Zito was the servant of the Big Four Railroad Company, but that he was injured while he was, with due care and diligence, walking across the tracks of defendant, within the railroad yards and near said public crossing.

It is true that it is further said that the employes of each of the railroad companies working in the yards commonly and ordinarily passed back and forth over and across the tracks of the several railroads therein, with the knowledge and permission of the several companies. But no reason whatever is alleged why Zito was upon appellee's track at the time he was injured. Whether he was there in pursuit of his duties as a laborer for the Big Four Railroad Company, or was going to and from his work or was there for some other purpose of his own not connected with his duties, does not appear. The most that could be said concerning his claimed right to be upon appellee's track, is that he was a mere licensee. Under such circumstances the only duty owed him by appellee, was to refrain from wantonly or wilfully injuring him, and to use reasonable care to avoid injury to him after he

was discovered to be in peril, if he was so discovered. I. C. R. R. Co. v. Eicher, 202 Ill. 556; Thompson v. C. C. C. & St. L. R. R. Co., 226 Ill. 542:

As none of the counts of the declaration in this case charged wantonness or wilfulness on the part of the employes of the appellee, or a failure on their part to use reasonable care to avoid injuring Zito after he was discovered to be in peril, they are all fatally defective and the demurrer to them was properly sustained.

The judgment of the court below will be affirmed.

*Affirmed.*