## HEITZ ET AL. *v.* KNOX COUNTY HOME TELEPHONE COMPANY.

[No. 7,126. Filed November 22, 1910.]

1. PLEADING.—*Complaint.*—*Sustaining Demurrer to One Paragraph.*—*Facts Probable under Another.*—It is harmless error to sustain a demurrer to one paragraph of a complaint, where its facts are provable under another. p. 487.
2. LANDLORD AND TENANT.—*Payment of Rent.*—*Answers.*—*Facts Provable Under.*—Where plaintiffs' demurrer to several paragraphs of defendant's answer is sustained, but their demurrer to two paragraphs is overruled, and such paragraphs allege in various ways that the defendant and plaintiffs orally agreed to change the time and manner of paying rent, that such rent had been paid according to such agreement and that plaintiff was ready and willing to pay according to such agreement, the sustaining of such demurrer is harmless error, the facts in the paragraphs held bad being provable under the paragraphs held good. p. 488.

3. LANDLORD AND TENANT.—*Leases.*—*Forfeiture for Nonpayment of Rent.*—*Waiver.*—Where lessees by an oral agreement with the landlord change the method of paying rent from that prescribed in the written lease, the strict enforcement of the written provision is waived. p. 490.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Action by Anton Heitz and others against the Knox County Home Telephone Company. From a judgment for defendant, plaintiffs appeal. *Affirmed.*

*Samuel W. Williams* and *John W. Brady,* for appellants.

*James W. Emison, Louis A. Meyer* and *Thomas Duncan,* for appellee.

COMSTOCK, C. J.—Appellants seek by this action to enforce a forfeiture of a lease of certain real estate in Knox county, Indiana. The cause was venued to the court below, where, upon issues formed, trial was had by the court resulting in a finding and judgment in favor of defendant.

The amended complaint originally consisted of two paragraphs. A demurrer was sustained to the first paragraph, after which, by leave of the court, a third paragraph was filed. Appellee answered by general denial and six amended paragraphs of affirmative answer. A demurrer to each of said affirmative answers was overruled, as was also appellants' motion for a new trial.

These rulings are assigned as error.

Said first paragraph alleges that plaintiffs are the owners and entitled to immediate possession of certain described property; that on October 10, 1902, plaintiffs, in writing, leased said real estate to defendant for a period of twenty-five years; that said lease, a copy of which is made a part of said complaint, was duly recorded; that by the terms and conditions of said lease defendant agreed to pay plaintiffs $25 a month rent for said real estate, payable monthly, and further agreed that if it failed to pay said rent for any month when due it would immediately, and without further

notice, vacate said real estate and surrender its full possession to plaintiffs; that after the rent was paid for the remainder of the month of October, 1902, they orally agreed that the rental should fall due on the first day of every calendar month for the month preceding; that defendant paid this rental up to and including the rental for the month of August, 1906; that since September 1, 1906, defendant has failed and refused to pay any rent whatever; that on October 1, 1906, at the office of defendant, during business hours on said premises, plaintiffs requested and demanded the payment from defendant of the sum of $25 on account of the rent for said premises for the month of September, 1906; that defendant is still in possession of the leased premises; that plaintiffs have performed all and every condition required of them by the terms of the lease, but that defendant has failed to pay, when due, the rent for the month of September, 1906.

Appellants concede that the second paragraph of the amended complaint differs from the first only "in that it contains a different averment as to the character of the demand made for the rent." This averment in said first paragraph reads thus: "That on October 1, 1906, at the office of the defendant, during business hours on said premises, plaintiffs requested and demanded the payment of the sum of $25 on account of the rent for said premises for the month of September, 1906." Said averment in said second paragraph reads: "That plaintiffs did on October 1, 1906, at the office of the defendant, just at sunset on said premises, demand and request the payment from defendant of the sum of $25 on account of and in full of the rent for said premises for the month of September, 1906."

Where a demurrer is sustained to one paragraph of complaint and the same evidence may be introduced and the same relief granted under another paragraph, such ruling,

1. though erroneous, is harmless error. *City of Huntington* v. *Hawley* (1889), 120 Ind. 502, 503; *Chicago,*

etc., R. Co. v. Indiana Nat. Gas, etc., Co. (1903), 161 Ind. 445.; Moore v. Boyd (1884), 95 Ind. 134; Clarke v. Darr (1907), 168 Ind. 101, 116, 9 L. R. A. (N. S.) 460; National Cash Register Co. v. Price (1908), 41 Ind. App. 274; Sanders v. Crawford (1908), 41 Ind. App. 245, and cases cited.

The material facts averred in the second, third, fourth and fifth paragraphs of defendant's amended answer were provable under the sixth and seventh paragraphs of said answer. Said sixth paragraph admits that defendant entered into the contract in writing declared upon in the complaint, but says that afterwards it was mutually agreed, by and between plaintiffs and defendant, that the rent should be due and payable on the first of each and every calendar month, or as soon thereafter, within a reasonable time, as the president of defendant company should be in Vincennes to sign a check for the amount; that on October 3, 1906, before the commencement of this action, plaintiff Anton Heitz, called upon defendant at its office, for the purpose of collecting the rent then and there due for said premises pursuant to agreement, for the month of September, 1906, to wit, the sum of $25, and that he was there informed by the agent of the company in charge of said office that William H. Vollmer, president of said company, was out of town, and the voucher for the rent had not yet been signed by him; that said Heitz then and there told said agent that it was all right, and that he would call again in three days; that within three days from said time, and before the commencement of this action, said Anton Heitz again called at the company's office, and requested the bookkeeper to tell the agent in charge of said office to hold the check of said defendant until he (Heitz) called for it; that on October 8, 1906, said Heitz asked the agent of defendant company to leave the check for said amount at the German National Bank of Vincennes, Indiana; that plaintiff was informed by the agent that it was then after banking

hours, but that the check would be left at such bank early on the morning of the next day, to which said Heitz then and there agreed; that on the next day, to wit, October 9, 1906, and before the commencement of this action, said check was presented to Henry J. Boeckman, one of the plaintiffs herein, according to the instructions of said Anton Heitz, but that said Boeckman then and there refused to receive said check, and said it should be presented to Heitz, as he always collected the rent; that the agent of defendant then presented this check to plaintiff Heitz, but he refused to receive it, all of which occurred and was transacted before the commencement of this action; that defendant ever since said time has been ready and willing to pay the amount due, and now brings said amount, to wit, $300, into court for the use of plaintiffs.

Said seventh paragraph admits the contract declared on in the complaint, and alleges that afterwards it was verbally and mutually agreed by and between plaintiffs and defendant that the rent thereafter should be payable on the first day of each and every calendar month, said plaintiffs to call for said rent on said day, but that afterwards plaintiffs wholly failed to call for said rent on the first day of the month, as so agreed upon, but would call for said rent sometimes on the second, sometimes on the third, and sometimes on some later day of the month, and, by reason of said failure to collect said rent, plaintiffs wholly waived and abandoned that part of the contract making said rent payable on the first day of the month, and that in the usual course of dealing between plaintiffs and defendant said rent could be paid by defendant any time during the month, whenever plaintiff called on defendant for said rent, and whenever the president of defendant company had signed the voucher for said rent. This paragraph further alleges that before the commencement of this action the voucher for said rent alleged to have been due on October 1, 1906, was

made out and signed by the president of said defendant company, and was tendered to plaintiffs during said month of October, but that plaintiffs refused to receive it.

Said sixth and seventh paragraphs each set out facts sufficient to withstand a demurrer. The proof of the facts therein averred would bar appellants' right to recover. This being true, the rulings complained of on the demurrers to the other paragraphs of answer would not prejudice the rights of appellants. *Pollard* v. *Pitman* (1906), 37 Ind. App. 475, 480; *Cooper* v. *Jackson* (1885), 99 Ind. 566, 574; *Ervin* v. *State, ex rel.* (1898), 150 Ind. 332; *Gilliland* v. *Jones* (1896), 144 Ind. 662, 55 Am. St. 210; *Miller* v. *Bottenberg* (1896), 144 Ind. 312; *Baker* v. *Pyatt* (1886), 108 Ind. 61; *Olds* v. *Moderwell* (1882), 87 Ind. 582.

An examination of the record shows that the material facts alleged in said paragraphs were supported by evidence. The lease provides for a rental of $25 a month, payable monthly, but does not designate any certain day of the month for payment. A number of times appellants neglected to call for the rent at the time agreed upon in the oral agreement alleged in the second and third paragraphs of the complaint. But there is no complaint of failure to receive the rent according to said agreement, covering a period of about four years, until the rent became due for the month of September, 1906. From such conduct on the part of appellants it may fairly be inferred that the time of payment was not considered of the essence of the contract.

Payment of the rent for the month in question was offered and refused before the commencement of this action. No objection was made because the form of tender was by check, but the acceptance of payment was absolutely refused. There is evidence warranting the conclusion that appellants waived their right to insist on forfeiture as to this month. 1 Underhill. Landl. and Ten. §§410-412.

The reasons for a new trial, viz., that the decision of the

court is not sustained by sufficient evidence and is contrary to law, are not discussed. But upon examination of the whole record we find nothing warranting the reversal of the judgment.

Judgment affirmed.