## HILL *v.* CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILROAD COMPANY.

### [No. 23,300. Filed March 7, 1919.]

1. RAILROADS.—*Crossing Signals.*—*Negligence.*—The failure of a railroad company to give statutory signals as required by §5431 Burns 1914, §4020 R. S. 1881, is negligence *per se.* p. 133.

2. RAILROADS.—*Injuries to Persons on Tracks.*—*Trespasser or Licensee.*—The warning signals required of railroad companies at highway crossings, under §5431 Burns 1914, §4020 R. S. 1881, are for the benefit of travelers on the highways, and one injured in the railroad yards cannot base an action on the failure to give such signals. p. 133.

3. RAILROADS. — *Injuries to Persons on Track.* — *Trespasser or Licensee.*—A shipper who, in assisting in the loading of cars, in accordance with a custom under which shippers moved the cars from a switch track into position for loading, went upon the tracks to move a loaded car so that another could be moved into place, was engaged in work mutually beneficial to himself and the company and was neither a trespasser nor a mere licensee, but was rightfully there by implied invitation. p. 134.

4. RAILROADS.—*Injuries to Persons on Tracks.*—*Invitees.*—*Care.* —Where a shipper was upon the tracks of a railroad company by implied invitation to do work mutually beneficial to himself and the company, it was the company's duty not only to exercise ordinary care to keep the premises safe but to use reasonable precautions to avoid exposing him to unnecessary peril. pp. 135, 137.

5. NEGLIGENCE.—*Pleading.*—*Contributory Negligence.* — In personal injury cases, the complaint need not negative contributory negligence, since such negligence is a matter of defense; and the complaint is sufficient, unless the plaintiff's contributory negligence appears to reasonable minds as the only conclusion from the facts pleaded. p. 135.

6. RAILROADS.—*Persons Entitled to Protection.*—A railroad company owes to one in its yards who, at its implied invitation, is doing work beneficial to a shipper and the company, the duty of equipping its locomotives with the headlights as prescribed

by an order of the Railroad Commission under §5533f Burns 1914, Acts 1909 p. 323.   p. 136.

7.  APPEAL.—*Review.—Sustaining Demurrer.* — *Harmless Error.* —Generally it is harmless error to sustain a demurrer to one paragraph of complaint where the facts pleaded therein are provable under another; but this rule does not obtain where the paragraph held bad proceeds upon a different theory than such other paragraph.   p. 138.

From Newton Circuit Court· *Charles W. Hanley,* Judge.

Action by Frank Hill against the Chicago, Indianapolis and Louisville Railroad Company.   From a judgment for the defendant, the plaintiff appeals.   (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)   *Reversed.*

*C. C. Hine, H. R. Kurrie* and *William Darroch, Perry McCart, E. C. Field* and *Mose Leopold,* for appellant.

*William H. Parkinson* and *Abraham Halleck,* for appellee.

MYERS, J.—Appellant brought this action against appellee to recover damages for personal injuries received by him on November 26, 1912.   The complaint was in three paragraphs.   A demurrer for want of facts was sustained to the first and second, and overruled to the third.   A general denial to the third paragraph formed the issue submitted to a jury resulting in a verdict, and judgment in favor of appellee.   The sustaining of appellee's demurrer to the first and second paragraphs of complaint, and the overruling of his motion for a new trial are here separately assigned as error.

It appears from each of the first and second paragraphs that at the city of Rensselaer, Indiana, appellee maintained stock pens for the use of shippers of stock over its line of railroad.   On the south side of these pens it maintained a switch track on which it placed cars, into which cattle, hogs, and other live stock were

loaded from these pens by means of a chute. South of this track, and at a distance only sufficient to permit cars to pass, appellee maintained what was known as its main track, and south of this track another switch track.

With reference to the handling of stock at this point, it was the custom of appellee to place its stock cars on the switch, or what may be called the loading track, and leave to the shippers the work of placing them in position for loading. If more than one car at a time was to be so used, the shipper would move by hand the loaded car away from the chute, and then move the empty car into place for loading.

On the occasion of the alleged injury four cars were to be loaded. One had been loaded and pushed east out of the way. Appellant and five other persons were engaged in this work. After moving the loaded car, and while returning to the west end of the empty car, appellant, while walking between the main track and the empty car, was struck by one of appellee's locomotives, which approached him from the east on the main track, and coasting at a speed of fifty miles per hour. For more than one mile east from the point where the accident happened, the track was clear and almost level. The accident occurred about six o'clock in the evening. It was dark, and the wind was blowing from the northwest.

It also appears that the space between the loading track and the pens was obstructed by various kinds of debris, thereby destroying its use as a passageway. The space between the loading track and the main track was obstructed by rails taken from the latter track. The recitals common to both paragraphs with reference to pens, tracks, and work in which appellant and his associates were engaged, and the allegations of negligent obstruction of the spaces between the main track and

the empty car, and the loading track and the pens, are all to be considered, not only for the purpose of showing that appellant was rightfully upon the premises of appellee but that he was thereby led into an unsafe place while at work loading the cars.

The acts of negligence charged in the first are: (1) In permitting the two spaces to be and remain obstructed, thereby causing appellant and his associates in the performance of their work to walk upon and dangerously close to the main track; (2) in failing to give crossing signals for highway and street crossings, one of which was within a short distance from their working place. The proximate cause relied on in this paragraph is the failure of appellee to give the statutory signals for highway and street crossings.

Section 5431 Burns 1914, §4020 R. S. 1881, makes it the duty of a railroad company to give signals when its engine approaches the crossing of any public

1. highway in this state. The object of this statute is to warn persons on the highway or crossing of the approach of trains. The failure to so warn such persons constitutes negligence *per se*. *Indianapolis, etc., R. Co.* v. *McLin* (1882), 82 Ind. 435; *Baltimore, etc., R. Co.* v. *Walborn* (1891), 127 Ind. 142, 26 N. E. 207.

Appellant was injured while in appellee's yards. He was not, as is a traveler upon a highway, within the protection of the statute requiring the company to

2. give him highway warning signals. *Reynolds* v. *Great Northern R. Co.* (1895), 69 Fed. 808, 16 C. C. A. 435, 29 L. R. A. 695; *Williams* v. *Chicago, etc., R. Co.* (1891), 135 Ill. 491, 26 N. E. 661, 11 L. R. A. 352, 25 Am. St. 397; *Halbert* v. *Wabash R. Co.* (1909), 151 Ill. App. 352; *Norfolk, etc., R. Co.* v. *Gesswine* (1906), 144 Fed. 56, 75 C. C. A. 214; *Everett* v. *Great Northern R. Co.* (1907), 100 Minn. 309, 111 N.

W. 281, 9 L. R. A. (N. S.) 703, 10 Ann. Cas. 294; *Baltimore, etc., R. Co.* v. *Bradford* (1898), 20 Ind. App. 348, 49 N. E. 388, 67 Am. St. 252. There was no error in sustaining the demurrer to the first paragraph.

The second paragraph proceeds on the theory: (1) Negligent obstruction of the two passageways, thereby forcing appellant and his associates into a dangerous place in the performance of their work. (2) Negligence in failing to equip the locomotive which collided with appellant with a headlight of not less than 1,500 candle power, in accordance with an order of the railroad commission, which order was at the time in full force and effect. (3) Negligence in equipping said locomotive with a headlight of less than 100 candle power so that no rays of light were reflected along the track in advance of the locomotive to warn appellant of its approach or to enable those in charge of the locomotive to observe and warn him of the danger in time to avoid the accident.

This paragraph presents three questions: (1) Was appellant under the facts disclosed by this paragraph a mere licensee or trespasser while on the premises of appellee to whom appellee owed no duty other than not to wantonly or wilfully injure him. (2) Did the facts alleged affirmatively show that he was guilty of contributory negligence? (3) Did appellee violate any duty owing to appellant in failing to equip its locomotive with a headlight in compliance with the order of the Railroad Commission alleged to be in full force and effect.

The allegations of this paragraph clearly show that the work in which appellant was engaged was not only beneficial to the person whose stock was being loaded, but to appellee as well. The work was being done in the usual and customary manner. The manner of handling loaded and empty cars at this

point was known and understood by both parties to this case. The facts disclosed by this paragraph are sufficient to invoke the general rule as stated in 33 Cyc 764 as follows: "Where one is engaged on or about railroad tracks or cars in work which is mutually beneficial to himself and the railroad company, and his work requires him to go on such tracks or cars, his going thereon when required is generally held to be by the express or implied invitation of the railroad company, and he is neither a trespasser, nor a mere licensee."

Appellant's work, as appellee well knew, required him to be in close proximity to its main track. This fact, coupled with the facts showing negligent obstruction of passageways which otherwise might have been safely used by shippers and their assistants in loading cars, was sufficient to overcome the contention that appellant when injured was a trespasser or mere licensee. Our conclusion then is that appellant was on the premises of appellee rightfully, and it may be said that he was there on its implied invitation. Such an invitation carries with it not only the duty of exercising ordinary care to keep the premises safe (*Chicago, etc., R. Co.* v. *Pritchard* [1906], 168 Ind. 398, 411, 79 N. E. 508, 81 N. E. 78, 9 L. R. A. [N. S.] 857), but the further duty of so conducting its activities about the premises, and by the use of such reasonable precautions, as may be reasonably prudent under all the circumstances to avoid exposing persons there employed to unnecessary peril.

On the question of contributory negligence, it must be kept in mind that this is an action where, by statute (§362 Burns 1914, Acts 1899 p. 58) contributory negligence is a matter of defense. The complainant as a question of pleading is not bound to negative his own fault, and is entitled to have the inferences in the complaint upon that subject drawn in

his favor. *Cleveland, etc., R. Co.* v. *Lynn* (1908), 171 Ind. 589, 593, 85 N. E. 999, 86 N. E. 1017.. Therefore, unless the facts stated are such that all reasonable minds would readily agree to his guilt in this respect, this paragraph would not be subject to a demurrer for want of facts. *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697, 88 N. E. 612. While plaintiff was not walking upon the track, he was not out of danger from a passing train. He did not see the on-coming train in time to avoid injury. But the question which naturally arises from this failure is answered only upon a consideration of all facts and circumstances measured by the action of an ordinarily prudent and careful person under like conditions. Applying these rules to the facts under consideration contributory negligence does not affirmatively appear.

It is next contended that appellee owed appellant no duty to maintain or equip its locomotive with a headlight as required by an order of the Railroad Commission. The statute on this subject (§5533f Burns 1914, Acts 1909 p. 323) granted to the railroad commission authority to investigate the condition and efficiency of headlights in use on locomotive engines on the railroads in this state, *"and if found to be inadequate for the protection of persons and property* (our italics) or any other purpose, to investigate and determine what would be the most practicable and efficient headlight for all purposes."

The paragraph of complaint under consideration shows that the Railroad Commission, in compliance with this statute, issued an order to appellee requiring it to equip its locomotives in use, as was the one here in question, with a headlight of not less than 1,500 candle power. Appellee failed to comply with this order. The locomotive which struck appellant was equipped with an oil lamp as a headlight of less than 100 candle power.

This headlight reflected no light along the track in advance of the locomotive to warn persons of its approach, or to enable those in charge of it to observe persons on or near the track and give them protection by timely warnings. The authority of the commission to make this order is not questioned. The statute directs the commission to investigate, and then make an order for the installation of headlights on locomotives in use, which in its judgment will better protect persons and property. The statute is general in its terms, and, in the absence of any intention to limit its application, it must be construed as applying to all persons, and to all property which will be more adequately protected by the use of a more efficient headlight.

We have seen that appellant was on appellee's premises not as a trespasser or mere licensee but rightfully there in order to do the work required of him.

4. This being true, appellee was bound to use ordinary care for his protection. The method employed by shippers in placing cars in position for loading, and known to appellee, necessarily brought appellant while there at work dangerously close to its main track. The premises of appellee where the accident happened is shown to have been frequently used by shippers of stock, and under such circumstances it was the duty of appellee to exercise care in the running of its trains, to avoid injury to such persons. *Connell* v. *Southern R. Co.* (1899), 91 Fed. 466, 33 C. C. A. 633. The omission to comply with the order of the commission, under the facts here disclosed, was the neglect of a precaution reasonably proper for the protection of the persons there employed, and amounted to negligence. The facts under consideration justify the conclusion that the order of the commission charged appellee with the duty of installing on its locomotive a headlight of certain specified candle power, and the

violation of that duty resulted in the injury of appellant. Therefore it was error to sustain the demurrer to the second paragraph of complaint.

Appellee insists that if the trial court erred in sustaining the demurrer to either the first or second paragraph, such ruling was harmless, for the reason that all of the evidence which might have been introduced under either of these paragraphs was admissible under the third.

With reference to this contention the general rule is that: "Where a demurrer is sustained to one paragraph of complaint and the same evidence may be

7. introduced and the same relief granted under another paragraph, such ruling, though erroneous, is harmless error." *Heitz* v. *Knox County, etc., Tel. Co.* (1910), 46 Ind. App. 485, 487, 92 N. E. 1040, and cases there cited. But where, as here, the one held bad and the one held good proceed upon different theories, and are not substantially alike, this rule does not obtain.

It is true the third paragraph, by way of recitals and direct allegations of fact, contains all the facts found in the second paragraph, nevertheless appellant's right of recovery under this paragraph is based on the use on a dark night of an oil headlight which was so defective as not to give out rays of light sufficient for appellant or his associates to see the approaching train in time to avoid injury. Looking to the record, it will be seen that the jury returned with their general verdict answers to interrogatories. These answers, so far as material, go to the question of whether or not the headlight on the locomotive in question could have been seen by appellant had he looked. From our examination of the record we are clearly of the opinion that the case was tried solely upon the theory presented by the third

paragraph of the complaint. It does not appear affirmatively from the record 'that no harm resulted to appellant from the error in sustaining the demurrer to the second paragraph of his complaint.

Appellant in support of his motion for a new trial relies solely upon alleged errors of the court in giving to the jury certain instructions. Appellee insists that these instructions are not properly before us. However this may be, no good purpose can be subserved by a further consideration of any additional questions, for, from a casual observation of the record pertaining to these questions, they will not likely arise in the retrial of this cause, nor are they of general concern.

The judgment of the trial court is reversed, with instructions to overrule appellee's demurrer to the second paragraph of the complaint, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 122 N. E. 321. Railroads: running train without headlight toward person on track at place other than crossing, Ann. Cas. 1912A 153. Negligence: where accident may have resulted from negligence of injured person, 113 Am. St. 999. Distinction between licensee and invitee, Ann. Cas. 1913C .570. See under (2) 33 Cyc 754; (3) 33 Cyc 756.