## CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. MANN, ADMINISTRATRIX.

[No. 10,885.    Filed October 28, 1921.]

1. PLEADING.—*Complaint.—Certainty and Definiteness.*—A complaint is good as against a motion to make more specific if the issuable facts alleged in the complaint are stated in a sufficiently certain or definite manner to fully inform defendant of what is alleged against him.   p. 522.

2. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Sufficiency.*—In an action against a railroad company for the death of a switchman riding on a footboard of an engine when it collided with an automobile truck on a public highway crossing, it was unnecessary for the complaint to allege when or how the truck got on the crossing or whether the truck was using the highway rightfully, since any negligence of the truck driver, or the fact that he may have been a trespasser, constituted no defense, if defendant was guilty of negligence contributing to decedent's injury.   p. 523.

3. TORTS.—*Joint Tort-Feasors.—Liability.*—Joint tort-feasors
are each fully liable for the tort of all.  p. 523.
4. MASTER AND SERVANT.—*Injuries to Servant.—Negligence.—
Violation of City Ordinance.*—A municipal ordinance requiring
the bell to be rung on the locomotives approaching street cross-
ings is for the protection not only of travelers on the highway,
but also for the employes of the railroad company.  p. 524.
5. MASTER AND SERVANT.—*Injuries to Servant.—Negligence.—
Sufficiency.*—In an action against a railroad company for the
death of a switchman riding on a footboard of an engine when
it collided with an automobile truck on a public highway cross-
ing, evidence *held* to warrant a verdict that defendant was
guilty of negligence proximately causing death of decedent and
that decedent was not contributarily negligent.  p. 524.

From Morgan Circuit Court; *Alfred M. Bain,* Judge.

Action by Sophia Mann, administratrix of the estate
of Calvin T. Mann, deceased, against the Cleveland,
Cincinnati, Chicago and St. Louis Railway Company.
From a judgment for plaintiff, the defendant appeals.
*Affirmed.*

*Samuel D. Miller, Frank C. Dailey, William H.
Thompson, Frank L. Littleton* and *Forrest Chenoweth,*
for appellant.

*Felt & Forney* and *Beckett and Beckett,* for appellee.

NICHOLS, P. J.—The second paragraph of the fourth
amended complaint on which this case was submitted to
the jury averred in substance that appellant, a common
carrier, employing more than five men, at the time of
the occurrence involved, operated lines of railroad in
and through the city of Indianapolis, and employed ap-
pellee's decedent, Calvin Mann.  That certain of its
lines of railway track intersect East St. Clair street in
said city, which said street extends east and west. Near
and at the point where the said street is crossed by the
said tracks, it is almost constantly traveled by the pub-
lic on foot and in vehicles.  At said crossing it jogs
in a northeasterly direction across the said tracks, and

the north side of said street immediately west of the said tracks is approximately thirty feet farther south than the south side thereof immediately east of said tracks. That the view of said railroad tracks to the south of said crossing from the west on said street is obstructed by buildings and a high board fence abutting the sidewalk on the south side thereof and immediately west of where one of appellant's line of tracks cross the same. Said conditions at said crossing were well known by the said servants of appellant operating the locomotive involved at and for a long time prior to October 14, 1917. On said October 14, 1917, and for many years prior thereto, appellee's decedent was in the employ of appellant as a switchman, and as such it was his duty to sort and distribute and to assist in sorting and distributing freight cars, and in performing his duties, it was necessary for him to ride upon the engines engaged in such switching and upon the cars being switched. One of his acts of service required by appellant's rules, was to ride on the footboard of the switch engine to give and take signals from the engine men. Upon said date, while in the discharge of his said duties as a switchman, he was riding on the footboard on the rear end of one of appellant's locomotives, which was backing and pulling nine freight cars in a northerly direction south of the street crossing; he was standing on the west end of said footboard as said locomotive backed to the north; said locomotive at the time was backing north on the west track, which would be first crossed by a traveler coming from the west on the said street. Appellant negligently backed said locomotive toward and onto said crossing and against an automobile truck on said crossing at too high a rate of speed, to wit: thirty-five miles per hour, and negligently failed, through its engineer and fireman, to keep a sufficient lookout, and thereby jammed appellee's decedent, who

was on the front step of said locomotive, against said automobile truck, and thereby negligently injured and killed him. Appellant was further negligent in that when it backed or shoved said locomotive against said automobile truck it knew, through its engineer and fireman in charge of it, that appellee's decedent was on said front step and in great peril, but notwithstanding said knowledge, appellant negligently ran said locomotive against said truck and pinioned and held said decedent between the front part of said locomotive and said automobile truck and negligently failed to apply the brakes and thereby stop said locomotive, but negligently shoved said automobile truck about 100 feet, with said decedent between said automobile truck and said engine, and thereby negligently crushed, injured and killed him. Appellant was guilty of further negligence which was the proximate cause of the injury and death aforesaid, in that it negligently and unlawfully backed said locomotive toward and upon said crossing at said time without the bell attached to said locomotive being rung, as required by an ordinance of the said city which at the time was in full force and effect, and was as follows:

"2292. Ringing Bell. Be it ordained by the Common Council of the city of Indianapolis, that it shall be the duty of every engineer, conductor, or other person engaged in running any locomotive, to ring the bell attached to such locomotive whenever the same shall be moving in or through this city."

By reason of the failure of appellant's engineer and fireman so to ring said bell as it approached said crossing and ran onto the same, the driver of said truck was unable to discover the approach of said locomotive and train of cars from the south, and was thereby misled and deceived and induced to go upon said track at said crossing at the time when said backing locomotive was

so near that said driver was unable to stop or drive over said crossing before being struck by said backing locomotive. Had appellant so rung said bell as by said ordinance required, the driver of said truck, as he approached and came near said crossing from the west, would have heard said bell and refrained from going onto said track at said time, and thereby avoided said collision, and the injury and death of appellee's decedent. Decedent did not discover said automobile truck as it approached said crossing from the west and ran onto said track, and did not know that said automobile was approaching and near said crossing in time to avoid said collision, and thereby escape injury and death.

Appellant moved to require appellee to make her complaint more specific, which motion was overruled. There was an answer in denial, the cause was submitted to a jury for trial, and a verdict was returned for appellee for $5,000. Appellant assigns as error the action of the court in overruling its motion to make more specific, and in overruling its motion for a new trial.

Appellant earnestly contends that the trial court committed reversible error in overruling its motion to make the complaint more specific, but we are not in 1. harmony with the contention. The rule that should govern is well stated in *Illinois Cent. R. Co.* v. *Cheek* (1899), 152 Ind. 663, 667, 53 N. E. 641, as follows: "It is essential that the issuable facts alleged in the complaint be stated in a sufficiently certain or definite manner so as fully to inform the defendant of what is alleged against him, and thereby prepare him to meet the charge by his defense. Beyond this the pleader is not required to go." Other authorities in harmony with the rule are, *Diamond, etc., Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 296, 76 N. E. 1060; *Pittsburgh, etc., R. Co.* v. *Ross* (1907), 169 Ind. 3, 80 N. E. 845; *Cleveland, etc., R. Co.* v. *Bowen* (1913), 179 Ind.

142, 100 N. E. 465; *Fauvre Coal Co.* v. *Kushner* (1919), 188 Ind. 314, 323, 123 N. E. 409; *Kinmore* v. *Cresse* (1913), 53 Ind. App. 693, 102 N. E. 403; *City of Terre Haute* v. *Lauda* (1915), 58 Ind. App. 480, 108 N. E. 392. Measured by this rule, the paragraph of complaint challenged was sufficient to withstand the motion. Appellant could surely understand the character of the negligence with which it was charged.

Appellant complains that there is no allegation as to when or how or under what circumstances the automobile truck got on to the crossing, or whether it was a truck using the highway rightfully or not.

But such an allegation was not necessary to a recovery. The negligence of the truck driver, if any, or the fact that he was a trespasser, if so he was, constituted no defense for appellant, if it was also negligent, and its negligence contributed to the injury. Joint tort-feasors are each fully liable for the torts of all. *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525, 535, 87 N. E. 723; *Cleveland, etc., R. Co.* v. *Hilligoss* (1908), 171 Ind. 417, 86 N. E. 485; *Indianapolis, etc., R. Co.* v. *Waddington* (1907), 169 Ind. 448, 464; 82 N. E. 1030; *Peru Heating Co.* v. *Lenhart* (1911), 48 Ind. App. 319, 95 N. E. 680; *Wabash R. Co.* v. *McNown* (1912), 53 Ind. App. 116, 132, 102 N. E. 155; Cooley, Torts (3rd ed.) 223. Whether appellant was negligent, and if so, whether such negligence was the proximate cause of the injury, were the sole issues to be determined by the jury, and the complaint need not go further than to present them. With these issues determined against appellant, as they were by the verdict, we are not concerned in this action with the negligence of the truck driver, or whether such negligence, if any, contributed to the injury.

It is admitted that the bell of the engine was not ringing as the train approached the crossing, but appellant

4.    says that the duty to ring the bell was not a duty owing the decedent at the time and under the circumstances his injuries from which he died were received.    The argument is that the purpose of the ordinance requiring the bell to be rung was to apprise those about to cross of the approach of the engine, and that it was not for the protection of its servants under such circumstances as here involved. But the protection of the truck driver in this case would have also protected the decedent.    The ordinance was a valid ordinance, passed by the city for the protection of the public which included the decedent, and the fact that he was a servant of appellant did not deprive him of that protection.    *Pittsburgh, etc., R. Co.* v. *Moore, Admr.* (1899), 152 Ind. 345, 350, 53 N. E. 290; *Baltimore, etc., R. Co.* v. *Peterson, Admr.* (1901), 156 Ind. 364, 59 N. E. 1044; *Indianapolis, etc., R. Co.* v. *Waddington, supra; Grube* v. *Missouri, etc., R. Co.* (1889), 98 Mo. 330, 11 S. W. 736; *Illinois Central R. Co.* v. *Gilbert* (1895), 157 Ill. 354, 41 N. E. 724; *Bluedorn* v. *Missouri, etc., R. Co.* (1891), 108 Mo. 439, 18 S. W. 1103.    The ordinance was admissible in evidence, and it was for the jury to determine as to appellant's negligence in violating it.

It appears by the evidence in this case that the engine was running backward as it approached the crossing, with the tank in front of the engine, and

5.    that the tank sloped down so that the decedent who was standing on the step in front of the tank, which was his proper place in the performance of his duties, could plainly be seen from the engine cab. The engineer testified that he was running his engine six to eight miles per hour, and expert evidence showed that the engine moving at that speed drawing nine cars as it was, could be stopped in twenty feet.    The engineer saw the truck when his engine was twenty or

twenty-five feet from the crossing. After striking the truck, he ran his engine 100 to 110 feet, with the decedent pinned between the truck and the tank of the engine. Under such circumstances, a verdict that appellant was negligent and that such negligence caused the death of appellee's decedent, and that such decedent was not guilty of contributory negligence, will not be disturbed by this court.

We have carefully examined the instructions given by the court, and appellant's objections thereto, as well as the instructions tendered by appellant and refused by the court, and we hold that in view of the foregoing conclusion, and points decided, and authorities cited, there is no reversible error in giving instructions, or in refusing to give instructions tendered. Nothing can be gained by discussing the principles involved further.

Appellant's counsel complain of misconduct of counsel in closing argument. It appears, however, that the objectionable argument was made in criticism of statements and actions of appellant's counsel in the presence of the jury, and the trial court in overruling appellant's motion to withdraw the objectionable argument from the jury held that: "It is for the jury to find whether there is any evidence sustaining the argument of counsel objected to, and if the jury finds there is no such evidence tending to sustain such argument of counsel, to disregard it." A full statement is made in appellee's brief of the matter involved, which statement is not denied by appellant in a reply brief or otherwise. From this statement, we sustain the trial court in leaving the question with the jury. Even from appellant's standpoint, we do not see that appellee's conduct was so vicious, and harmful as to justify a withdrawal of the case from the jury.

We find no reversible error. The judgment is affirmed.