UNION TRACTION COMPANY OF INDIANA *v.* WYNKOOP.

[No. 12,504. Filed November 18, 1926. Rehearing denied February 21, 1927. Transfer denied November 21, 1929.]

*J. A. VanOsdol, Ralph K. Kane, Gideon W. Blain, Robert Hollowell, Jr.,* and *George W. Brill,* for appellant. *Beckett & Beckett* and *Thad S. Adams,* for appellee.

NICHOLS, J.—Action by appellee against appellant to recover damages for injuries to himself resulting from the collision between one of appellant's interurban cars

and an automobile. The accident occurred in the city of Indianapolis, at the intersection of College avenue and Fall Creek boulevard. College avenue is a street running north and south through said city, over which the tracks used by appellant for the operation of its interurban cars are constructed, and Fall Creek boulevard is a public thoroughfare in said city running southwest and northeast, intersecting said College avenue at an angle.

The automobile, at the time of the accident, was being operated in a northeasterly direction over the boulevard. The interurban car of appellant was in-bound and was being operated from north to south on College avenue across the boulevard. It is averred in the complaint, so far as here involved, that, as said automobile ran onto the west track of appellant's railroad, appellant ran its electric car against it, negligently crushing and dragging it a long distance; that appellant negligently ran said electric car against said automobile at the dangerous rate of speed of 35 to 40 miles an hour, in violation of an ordinance of the city, in full force and effect at the time, which limited the speed of said car to 25 miles per hour; that appellant, as it so approached said boulevard, negligently failed to have the headlight on its car lit and burning, and by reason thereof, the driver of said automobile and appellee were unable to see said approaching car at sufficient distance from said crossing to enable the driver and appellee to avoid collision therewith; that by reason of each and all of the acts of negligence alleged, appellee was greatly injured, for which he demands judgment for $15,000.

A trial by jury resulted in a verdict in favor of appellee for $3,500, on which judgment was rendered.

The error assigned is the action of the court in overruling appellant's motion for a new trial. As there is

some evidence to sustain each of these allegations of negligence and the verdict of the jury, we give no further consideration to this question presented by appellant.

By instruction No. 1, requested by appellee, the court undertook to define negligence. Appellant objects to so much of this instruction as told the jury that where a valid ordinance prohibits an act or acts, or requires an act or acts to be done and performed, the failure to obey such an ordinance is negligence. But appellant's objection thereto is without force. It has been repeatedly held in this state that the violation of an ordinance, or a statute, is negligence *per se*. *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365, Ann. Cas. 1917A 474; *Hamilton, etc., Co.* v. *Larrimer* (1914), 183 Ind. 429, 105 N. E. 43; *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 88 N. E. 1073, 89 N. E. 485; *Hill* v. *Chicago, etc., R. Co.* (1919), 188 Ind. 130, 122 N. E. 321; *Mortimer, Rec.,* v. *Daub* (1912), 52 Ind. App. 30, 98 N. E. 845.

Appellant presents the same question in its objection to instruction No. 10 requested by appellee. By this instruction, the court informed the jury that if it found that appellant operated its car at a speed beyond 25 miles an hour, which was the limit of the speed ordinance, it was guilty of negligence, and that, if such negligence was the proximate cause of appellee's injuries, without contributory negligence on his part, the verdict should be for appellee. This instruction is in harmony with the authorities cited above, and we see no objection thereto. Appellant relies upon *Conder* v. *Griffith* (1916), 61 Ind. App. 218, 111 N. E. 816, as an authority sustaining its contention that the violation of an ordinance may not be actionable negligence, and that it is a question of fact for the jury to determine, from all the facts and circumstances, whether

there was a sufficient and reasonable excuse for such violation. But that case involved an ordinance of the city of Indianapolis that riders and drivers of vehicles should keep as *nearly as practicable* to the right side of the street, and it appeared by the undisputed evidence that the appellant in that case, who was the driver, had driven to the left side of the street, and to the left side of a street car, for the reason that the right side of the street, being to the right of the street car, was obstructed. There, a question of fact was involved as to whether, under the circumstances of that case, appellant had driven as close to the right side of the street as practicable in obedience to the ordinance, which should properly have been submitted to the jury. Here the ordinance involved is clear and decisive in its requirements, leaving nothing to the discretion of the motorman. The violation of such an ordinance is negligence *per se,* and no question of fact is involved except as to whether the ordinance was violated. We may add that even if appellant were correct in its interpretation of the law as applied to ordinances, there was no question presented as to an excuse for the violation of the ordinance involved, and no evidence of such excuse. In the Conder case, it is to be observed that five of the judges of the Appellate Court, being all of them other than the writer of the opinion, concurred only in the result reached, and that it does not appear that they concurred in the reasoning by which the result was reached.

In *Benninghof-Nolan Co.* v. *Adcock* (1923), 194 Ind. 33, 141 N. E. 782, 29 A. L. R. 1344, relied upon by appellant, the objectionable instruction involved informed the jury that if it found that the defendant failed to keep as near the right side of the street as *possible,* such operation was *prima facie* or presumptive evidence that he was negligent. This instruction was based upon an ordinance of the city of Evansville which provided that

vehicles traveling upon a street should keep as near the right-hand curb as possible. The court held that this ordinance was unreasonable and, therefore, void. Of course, to tell the jury that the violation of a void ordinance was negligence was error. It must be conceded that in the case of *Cleveland, etc., R. Co.* v. *Mann, Admr.* (1921), 76 Ind. App. 518, 132 N. E. 646, the statement that "The ordinance was admissible in evidence, and it was for the jury to determine as to appellant's negligence in violating it," is inaccurate. It was admitted that the bell, which, by ordinance, was required to be rung, was not ringing as the train approached the crossing where the accident occurred. Such omission, in violation of the ordinance, was negligence, and it was for the jury to say whether such negligence was the proximate cause of the injury involved. We deem it unnecessary to consider other assigned errors as to instructions given or refused. Those tendered and refused that stated the law correctly were substantially covered by instructions given.

Clearly, there is no occasion for disturbing the verdict of the jury as being excessive.

Judgment affirmed.