## INDIANAPOLIS STREET RAILWAY COMPANY *v.* ROBINSON.

[No. 19,609.    Filed October 3, 1901.]

NEGLIGENCE.— *Pleading.*— *Contributory Negligence.*— *Constitutional Law.*—The act of 1899 (Acts 1899, p. 58, §359a Burns 1901), providing that in all actions for damages arising from personal injury or death it shall not be necessary for plaintiff to allege or prove freedom from contributory negligence on the part of plaintiff, or on the part of the person for whose injury or death the action is brought, is not violative of §22, article 4 of the State Constitution, prohibiting the passage of local or special laws regulating the practice in courts of justice.    *pp. 233-237.*

SAME.—*Pleading.—Contributory Negligence.—Constitutional Law.— Statutes.*—The act of 1899 (Acts 1899, p. 58, §359a Burns, 1901), providing that in all actions for damages arising from personal injury or death it shall not be necessary for plaintiff to allege or prove freedom from contributory negligence on the part of plaintiff, or on the part of the person for whose injury or death the action is brought, is not invalid because it expressly excludes all pending cases from its operation.    *p. 237.*

From Morgan Circuit Court; *M. H. Parks,* Judge.

Action by Ardella C. Robinson against the Indianapolis Street Railway Company for personal injuries. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*S. N. Chambers, S. O. Pickens, C. W. Moores, F. Winter* and *W. H. Latta,* for appellant.

*E. F. Ritter* and *W. S. Doan,* for appellee.

Dowling, J.—The appellee was at a station on the line of the railway of the appellant, and intended to take passage upon one of appellant's cars. While walking with a crowd of persons over a platform maintained by appellant at the station, a board in the floor gave way, and the appellee fell through the opening so made, and was severely injured. To a complaint stating these, with other facts, the appellant demurred. The demurrer was overruled. An answer in denial was filed, the case was tried by a jury, and a verdict was returned for the appellee. A motion in arrest of judgment was overruled. The sufficiency of the complaint is called in question by assignments of error upon these rulings. The points presented on this appeal are whether the complaint should have alleged that the accident occurred without contributory negligence on the part of the appellee, and, if so, whether such contributory fault is sufficiently negatived.

The appellant relies upon the propositions (1) that it was necessary to aver that the plaintiff was free from negligence proximately contributing to the injuries complained of, and that the act of February 17, 1899 (Acts 1899, p. 58), §359a Burns 1901, dispensing with that allegation, is unconstitutional, because the statute undertakes to regulate the practice in courts of justice, and is not a general law; and (2), that the complaint omits this essential averment.

The act of February 17, 1899, is in these words: "That hereafter in all actions for damages brought on account of the alleged negligence of any person, copartnership or corporation for causing personal injuries, or the death of any person, it shall not be necessary for the plaintiff in such action to allege or prove the want of contributory negligence on the part of the plaintiff, or on the part of the person for whose injury or death the action may be brought. Contributory negligence, on the part of the plaintiff, or such other person, shall be a matter of defense, and such defense may be proved under the answer of general denial: *Provided,* That this act shall not affect pending litigation."

At common law, in actions for negligent injuries, it was never necessary to aver that the plaintiff was without fault. 2 Chitty on Pl., 708-712; *Hackford* v. *New York, etc., R. Co.,* 6 Lans. (N. Y.), 381, 43 How. Pr. (N. Y.), 222, 247.

It is said in 5 Ency. Pl. & Pr. 1, that "The authorities are well-nigh unanimous that, in an action for negligence, the plaintiff need not allege that the injury of which he complains was occasioned without his fault, or that he was not guilty of contributory negligence, as the rule is that 'it is not necessary to allege matters which would come more properly from the other side,' and contributory negligence is considered a defense that the defendant must make."

Among the earliest cases in this court which have been understood to hold that the complaint must aver the absence of contibutory negligence on the part of the plaintiff is *President, etc.,* v. *Dusouchett,* 2 Ind. 586, 54 Am. Dec. 467, where it is said by Blackford, J., that "The declaration in a suit for such damage must show that there was no fault on the plaintiff's part." By a uniform course of decision it was settled in this State that such an averment, or its equivalent, was indispensable in such actions, unless the specific averments of the complaint showed that the plaintiff was free from fault. This rule of pleading and evidence applied equally to actions for injuries to the person, and to those brought for injuries to property. Such was the state of the law when the act of February 17, 1899, was passed. The object and effect of that statute were to change an established rule of pleading and evidence. In the class of actions named in the statute it relieved the plaintiff from averring and proving that he was free from contributory fault, and it made such contributory negligence, if it existed, a matter of defense. Was it competent for the legislature to do this?

The authority of the legislature over the subject of the statute in question is indisputable. It has the power to prescribe rules of pleading and evidence, and methods of proof. *State, ex rel.,* v. *Kolsem,* 130 Ind. 434, 14 L. R. A. 566; *State* v. *Beach,* 147 Ind. 74, 36 L. R. A. 179.

The Constitution of the State expressly prohibits the passage of local or special laws regulating the practice in courts of justice, and it requires that in all the cases enumerated in §22, article 4, all laws shall be general, and of uniform operation throughout the State. Constitution, article 4, §§22, 23, §§118, 119 Burns 1901.

The mischief under the Constitution of 1816 was that there was a total lack of uniformity in the statutes regulating the practice in the different courts and counties of the State. In *Reed* v. *State,* 12 Ind. 641, p. 648, Hanna, J., thus describes the condition of things resulting from the vicious system of legislation under the old Constitution: "It is well known, that in many of the circuits of the State, the judge thereof was at a loss, in each county, as to the local laws and regulations upon the subject of the practice of the law in such county. He would often be stopped in the midst of his charge to the grand jury, when commenting upon some offense against the law, and the rules of evidence, etc., that should be observed in their investigations thereof, by a suggestion that, by some local law, the grand jury had not jurisdiction over that offense. In another county he would meet with statutes, local to that county, by which certain days were set apart for forming and perfecting the pleadings, and others for the trial of causes of a civil nature. It was to remedy these, and various evils of a kindred character, that the clause and sections under consideration were adopted."

Again, it is said by Frazer, J., in *Hingle* v. *State,* 24 Ind. 28, p. 34: "What is a special act? It is such as at common law the courts would not notice, unless it were pleaded and proved, like any other fact. This is suggested in argument on behalf of the appellant, and we think that the proposition is correct. The distinction between general and special statutes was well known to the common law, though sometimes a question of great nicety, and it is in accordance with a well established principle to assume, that the Constitu-

tion in using the terms intended them to be understood in the sense which was at that time recognized by the courts."

In *State, ex rel.,* v. *Parsons,* 40 N. J. L. 1, special laws are thus described: "Interdicted, local and special laws are all those that rest on a false or deficient classification; their vice is that they do not embrace all the class to which they are naturally related; they create preference, and establish inequalities; they apply to persons, things or places possessed of certain qualities or situations, and exclude from their effect other persons, things or places which are not dissimilar in these respects."

The act of February 17, 1899, includes within its scope all persons, natural and artificial, against whom actions for damages may be brought on account of alleged negligence causing personal injury, or the death of any person. It applies to all actions of this kind, in all the courts of the State. The only objections taken to it are that it is not made applicable to all actions for negligent injuries, and that pending cases are expressly excluded from its operation. The class of cases to which the act applies is that involving personal injury or death, only. The class to which it does not apply includes all actions of tort affecting property, real or personal. This classification is not an unnatural or improper one. It appears to be fairly made, and there seem to be good reasons for it. The situation, management, and treatment of property, real and personal, are in most instances well known and can be readily established. But the circumstances attending an injury to the person are often difficult of proof. Where the mind of the plaintiff is affected by the injury, or death immediately ensues, proof that the plaintiff was free from negligence is in many cases impossible. So that, under the former rule, there was here a real hardship, and one that has often been pointed out by the profession. 1 Thompson's Com. on Law of Negligence, §§395, 396, 397, 398. The same degree of inconvenience is seldom or never experienced in making

proof of the plaintiff's case in actions for injuries to property. Therefore, there was some ground and, in our opinion, reasonable ground for the classification adopted by the legislature. *Gilson* v. *Board, etc.,* 128 Ind. 65, 11 L. R. A. 835; *Consumers, etc., Co.* v. *Harless,* 131 Ind. 446, 15 L. R. A. 505; *Pennsylvania Co.* v. *State,* 142 Ind. 428.

The suggestion that the act is special because it does not apply to causes already pending in court is of little weight. From the time of the adoption of the present State Constitution, it has been the legislative practice, in many cases, to exclude pending causes from the operation of new enactments conflicting with former laws. A general act has been in force since 1853, declaring that no suits, instituted under existing laws, shall be affected by the repeal thereof, but that such suits may be prosecuted as if such laws had not been repealed. §243 Burns 1901.

The exclusion of pending actions from the operation of the statute simply renders the act prospective as to all cases to which it may apply. Such provisions are generally just and reasonable, and do not render such acts unconstitutional on the ground that the law is not general and of uniform operation.

As the act of February 17, 1899, was in force when the present suit was brought, and as that act must be held constitutional, it was not necessary for the plaintiff to aver that she was free from contributory negligence. The demurrer to the complaint, and the motion in arrest of judgment, were properly overruled.

We find no error. Judgment affirmed.