## INDIANAPOLIS & WESTERN RAILWAY COMPANY
### v. RAGAN.

[No. 21,159.   Filed January 14, 1909.]

1. APPEAL.—*Instructions.*—*How Made Part of Record.*—Where the instructions refused are set out in the transcript, together with an order-book entry stating that such instructions and those given, "together with the exceptions thereto, are by the court ordered filed and made a part of the record in this case, without a bill of exceptions," such instructions are not in the record and cannot be considered, there being no record showing the actual filing thereof.   p. 570.

2. NEW TRIAL.—*Overruling Objections to Evidence.*—*How Shown.* —*Appeal.*—To raise any question, on appeal, upon the overruling of an objection to a question, the motion for a new trial must show not only the question propounded and the objection thereto, but also the answer, the court, on appeal, being unable to determine, without such answer, whether the alleged error was harmful.   p. 572.

From Hendricks Circuit Court; *Thomas J. Cofer*, Special Judge.

Condemnation proceeding by the Indianapolis & Western Railway Company against Lilly Ragan. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Otis E. Gulley, W. H. Latta* and *L. H. Oberreich*, for appellant.

*Brill & Harvey* and *Samuel Ashby*, for appellee.

JORDAN, C. J.—This case arises out of the same condemnation proceedings instituted by appellant for its right of way as did the appeals of the *Indianapolis, etc., R. Co.* v. *Hill* (1909), 172 Ind. —, and *Indianapolis, etc., R. Co.* v. *Branson* (1909), 172 Ind. —. The only question here involved relates to the damages assessed by a jury in the lower court in favor of appellee, upon which, over appellant's motion for a new trial, judgment was rendered. The questions discussed and relied on by counsel for

appellant for reversal relate to the giving and refusing to give certain instructions, and to the admission of certain evidence in favor of appellee.

At the very threshold appellee's counsel insist that the instructions given and refused are not in the record, for the reason that there is no affirmative showing that

1. they were filed with the clerk of the lower court, as required by the statute. Counsel therefore insist that the rulings of the lower court on the giving and refusing of instructions cannot be considered or reviewed in this appeal. An examination of the transcript discloses the following in respect to the instructions: "And now before the beginning of the argument plaintiff requests the court to instruct the jury in writing only and to give the jury each of the following instructions, numbered one to fifteen inclusive." Here are set out in full the aforesaid instructions requested by plaintiff, which request is signed by its attorneys. The transcript then recites: "The instructions numbered one to fifteen inclusive, requested by plaintiff, are refused by the court, to which refusal to give each separate instruction plaintiff at the time excepts separately and severally. Thomas J. Cofer, special judge." After this is the following: "And now the argument of counsel is commenced and concluded, and now the court instructs the jury in writing and gives to the jury instructions numbered one to nine inclusive, prepared and given to the jury on the court's own motion." Here is set out each of the last aforesaid instructions. It is then stated that "to the giving by the court to the jury of each of the instructions numbered one to nine inclusive, on its own motion separately and severally, the plaintiff, at the time, excepts to the giving of each separate instruction. Thomas J. Cofer, special judge." It is further recited that said instructions are the only instructions given by the court to the jury. After this is the following: "And now all the instructions given and those requested by plaintiff and refused by the court, together with

all the exceptions thereto, are by the court ordered filed and made a part of the record in this case, without a bill of exceptions.''

By subdivision six of §558 Burns 1908, §533 R. S. 1881, it is provided that ''all instructions given by the court must be signed by the judge, and filed, together with those asked for by the parties, as a part of the record.'' Section one of an act concerning proceedings in civil procedure, approved March 9, 1903 (Acts 1903, p. 338, §544a Burns 1905), and in force at the time of the trial of this cause, also provides that ''all instructions requested, whether given or refused, and all instructions given by the court of its own motion, shall be filed with the clerk of the court at the close of the instruction of the jury.''

In *Ohio, etc., R. Co.* v. *Dunn* (1894), 138 Ind. 18, this court said: ''Under the code and the recognized practice of this State, there are three methods of making instructions a part of the record: (1) By an order of court; (2) by special exceptions written upon the margin or following each instruction and signed by the judge; (3) by a general bill of exceptions. In the first and second methods the instructions receive identification from the filing required by the code.''

In *Hadley* v. *Atkinson* (1882), 84 Ind. 64, this court said: ''The record nowhere shows that these instructions were filed as a part of the record. Without this safeguard, instructions might get into the record without having been given by the court.''

In *Elrod* v. *Purlee* (1905), 165 Ind. 239, a question similar to the one here involved was considered. In that case there was an order-book entry made upon the conclusion of the trial, which was as follows: '' 'All of the instructions given by the court herein are ordered filed.' '' This court in that appeal, after considering the requirements of the statute, held that ''the entry of the court should have shown that the instructions were filed,'' and, as this did not

appear by the record, it was held that the instructions there involved had not been made a part of the record. In support of this holding the court, on page 242, cited numerous decisions of this court.

In *Thompson* v. *Thompson* (1901), 156 Ind. 276, the court said: "It is settled that in order to make the instructions a part of the record in a civil case, without a bill of exceptions, they must be filed in open court, * * * and the record must affirmatively show they were so filed."

Aside from the order of the court directing that the instructions given and refused be filed, there is nothing whatever to show that this order was complied with, or that the instructions given and refused were actually filed with the clerk of the lower court. It therefore follows, for the reasons stated, that the instructions given and refused are not a part of the record, consequently we are precluded from reviewing any questions raised by appellant relative thereto.

Counsel argue that the court erred in overruling appellant's objections to a certain question propounded by appellee to a witness, Albert Worrell, on cross-examination. In its motion for a new trial, this ruling of the court is assigned as a reason, as follows: "Because of error of law occurring at the trial of said cause, in this, that the court erred in overruling plaintiff's objection to the following question asked Albert Worrell, a witness produced on behalf of plaintiff, on cross-examination." Here is set out merely the question as propounded to said witness, but the motion for a new trial is entirely silent in respect to any answer which was elicited from the witness by the question, or as to any evidence given by said witness in response thereto. It is also contended that the court erred in overruling appellant's objection to a question propounded to appellee by her counsel, when she was testifying in her own behalf, inquiring of her as to what, in her judgment, would be the value of the residue of the real estate after the construction of the railroad. The ruling of the

court upon this question is assigned in the motion for a new trial substantially the same as the preceding assignment in respect to the ruling upon the question propounded to the witness Worrell. The mere assignment that the court erred in overruling appellant's objection to the question, standing alone in the motion, without there being any showing whatever that the witness answered the question propounded, and what, if any, evidence was elicited from him in response thereto, certainly cannot be said to reveal any error arising out of the alleged ruling of the court. If no evidence was elicited from the witness by the question, the error, if any, in merely propounding it would, to say the least, be harmless to appellant. So far as the motion for a new trial discloses, no error is predicated on the ruling of the court in permitting the witness to give any evidence which was not proper or legitimate, but the alleged error is based wholly upon the action of the trial court in overruling appellant's objections to the question. It has repeatedly been affirmed and held by this court that in the reasons assigned for a new trial, because of the improper admission or rejection of evidence, the motion must point out with reasonable certainty what evidence was improperly admitted or excluded, or, in other words, the motion should name the witness and disclose what particular evidence was admitted or rejected. *Coryell* v. *Stone* (1878), 62 Ind. 307; *McClain* v. *Jessup* (1881), 76 Ind. 120, and cases cited; *Ohio, etc., R. Co.* v. *Stein* (1892), 133 Ind. 243, 19 L. R. A. 733; *Dunn* v. *State* (1904), 162 Ind. 174, and cases there cited; *Conrad* v. *Hansen* (1908), *ante,* 43, and cases there cited.

In *Coryell* v. *Stone, supra,* the assignment in the motion for a new trial, was as follows: " 'Because the court erred in allowing the defendants to ask Jerry Dugan, a witness called by the defendants, whether or not the testator gave to witness instructions to enable him to make the survey.' " In regard to this assignment, the court in that appeal said: "This seems to us too uncertain to inform the court of what

the appellants really complained, and does not refer to any thing to make it more certain. It does not inform us what the question objected to was, nor what the objection to it was, nor what the answer to the question was, nor, indeed, whether it elicited any answer, nor in what way the survey mentioned was connected with the case.''

Guided by the well-settled rule to which we have referred, the assignments in question must be held insufficient to present any question upon the admission of evidence. There being no available error disclosed by the record, the judgment is affirmed.

Hadley, J., did not participate.