New York, etc., R. Co. v. First, etc., Savings Bank—198 Ind. 376.

decedent's estates, as in the case of a widow taking the entire estate where the real and personal property thereof is not worth over $500. The section providing for widow's allowance of $500 does not come under the statute of descents, but under the acts concerning the settlement of estates.

Appellants claim that there has been a merger of the real estate which was set off to the widow for balance of her statutory allowance with that which she 5. inherited; and, at her death, the children of the first marriage became the owners of all of said real estate. Merger has been defined as the annihilation of one estate and its absorption in another by act of law. 2 Bouvier, Law Dictionary 2197. In 10 R. C. L. 666, §26, it is said: "Merger will not occur if one estate is acquired by purchase and the other by right of the wife, because they are held in different rights." It cannot be successfully contended herein that there was a merger of the real estate which was purchased with that which was inherited. In the lower court, the plaintiffs failed to prove title to all the real estate described in their complaint.

Finding no reversible error, the judgment is affirmed.

---

NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY v. FIRST TRUST AND SAVINGS BANK.

[No. 24,499. Filed October 28, 1926.]

1. NEGLIGENCE.—*Contributory negligence need not be negatived in action for personal injuries.*—In an action for personal injuries, the complaint need not allege that the plaintiff was free from fault, as his contributory negligence is a matter of defense (§380 Burns 1926). p. 379.

2. APPEAL.—*Instructions may be brought into record by "order of court."*—Instructions may be made a part of the record by an order of court under §717 Burns 1926, §691 Burns 1914, where they are properly identified and are recited in full

immediately following the order (*Indianapolis, etc., R. Co. v. Ragan*, 171 Ind. 569, distinguished). p. 382.

3. TRIAL.—*Instruction as to inferences jury might draw from the facts held harmless.*—Where the court instructed the jury that it must take the law from the court, an instruction that the jury was entitled to "draw all proper, legal and reasonable inferences from the facts proved," without limiting the jury to drawing "inferences of fact," was not harmful error. p. 383.

4. RAILROADS.—*The statute requiring warning signals by locomotive when approaching highway crossing not repealed by later statute.*—Section 673 of the Criminal Code of 1905 (Acts 1905 p. 584, §2911 Burns 1926) did not repeal the earlier statute (§§13038, 13039 Burns 1926) making it the duty of railroad companies to equip their locomotives with whistles and bells and of the engineer operating a locomotive to sound the whistle three times at a distance of not more than 100 nor less than eighty rods of a highway crossing and to ring the bell continuously until the crossing is passed. p. 383.

5. RAILROADS.—Failure to give the signals required by §13038 Burns 1926 constitutes negligence, for which the railroad company is liable. p. 383.

6. TRIAL.—One objecting to an instruction because of its generality must prepare and tender a more specific instruction and request that it be given. p. 384.

7. RAILROADS.—*Instruction as to leaving a line of cars extending into highway so as to obstruct plaintiff's view of train approaching crossing, held proper.*—In an action against a railroad company for personal injuries received in a crossing accident, an instruction that leaving a box car standing on a side track so as to extend into the highway on which the plaintiff was traveling at the time of the injuries, thereby shutting off his view of the train that struck him, constituted negligence, was not erroneous where plaintiff's evidence showed that a line of cars a half mile in length extended into the highway for a distance of twenty-five to thirty feet. p. 384.

8. RAILROADS.—*Instruction properly refused which stated that defendant was not negligent if statutory signals were given, where complaint contained other charges of negligence.*—In an action against a railroad company for injuries received in a crossing accident, an instruction that if the jury found that the statutory signals had been given, the defendant was not guilty of negligence, was properly refused where the complaint charged negligence in leaving a line of box cars extending into the highway so as to obstruct plaintiff's view of the train

which struck him and that the train was being operated at a dangerous speed.   p. 385.

9.   RAILROADS.—*Instruction that it was duty of traveler approaching, crossing, to "stop," look and listen was properly refused.*—An instruction that a traveler approaching a railroad crossing must "stop," look and listen before driving on the track was properly refused, as the question whether it was necessary for him to stop usually is for the jury, and such an instruction would invade the province of the jury.   p. 386.

10.   RAILROADS.—*Instruction as to stopping automobile before driving on track at. highway crossing. held properly refused.*—An instruction that if freight cars on a siding at a highway crossing obstructed plaintiff's view of trains approaching the crossing until within ten or fifteen feet of the track, it was plaintiff's duty, not only to have his automobile under control as he drove up to the track, but, on reaching a point where he could see an approaching train, to stop his car and look for such trains, was properly refused.   p. 387.

11.   RAILROADS.—*Instruction that train approaching highway crossing at high speed was not bound to "slow down" unless engineer knew that traveler was approaching crossing, held properly, refused.*—An instruction that a railroad was not bound to slacken the speed of its train in approaching a highway crossing or to take any precautions against injuring travelers unless and until the engineer had knowledge of a traveler's approach to the crossing, was properly refused where the complaint charged negligence in placing a line of box cars on a switch so as to obstruct view of approaching train and failure to give the statutory signals.   p. 387.

12.   TRIAL.—Refusal to give requested instructions to the same effect as those already given is not error.   p. 388.

13.   RAILROADS.—*Instruction as to right of recovery for failure to give statutory signals held properly refused as misleading.*—In an action against a railroad company for injuries received in a crossing accident, an instruction that before plaintiff could recover for failure to give the statutory signals, it must have been shown that if such signals had been given, they would have been heard and heeded and the collision and injury avoided, was properly refused because of the possibility that it would be understood to direct the jury to give no consideration to other negligence charged in the complaint.   p. 388.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Action by the First Trust and Savings Bank, as administrator of the estate of Charles W. McQuaid,

against the New York, Chicago and St. Louis Railroad Company. From a judgment for plaintiff, the defendant appeals. (Transferred to the Supreme Court [80 Ind. App. 514] with recommendation under subd. 1, §1357 Burns 1926.) *Affirmed.*

*Walter Olds, Albert E. Thomas* and *Howard L. Townsend,* for appellant.

*Gavit, Hall, Smith & Gavit,* for appellee.

EWBANK, J.—Appellee, as administrator of the estate of Charles W. McQuaid, deceased, recovered a judgment against appellant for $3,000 damages for causing the death of McQuaid when appellant's train struck his automobile at a highway crossing. Overruling the demurrer to the complaint and overruling the motion for a new trial are assigned as errors.

The complaint alleged, in substance, that the plaintiff (appellee) was administrator, as stated above, and that the defendant (appellant) was operating a

1. railroad, with locomotives propelled by steam, across a highway known as Kline avenue in the town of Hessville; that defendant had negligently laid its sidetrack parallel with and only six feet distant from its main track on the south side thereof across Kline avenue, on which it had placed a string of box cars coupled together, extending in a "continuous string" which commenced thirty feet west of the east line of Kline avenue, and extended eastward continuously for half a mile; that said string of cars lay and stood in such a position that a person approaching said crossing in an automobile from the south on Kline avenue could not see a locomotive or train of cars approaching the same from the east until he should arrive on the track of said railroad on which said train was so approaching; that on October 27, 1920, when this condition existed, while plaintiff's decedent "was approaching

380     SUPREME COURT OF INDIANA,

New York, etc., R. Co. v. First, etc., Savings Bank—198 Ind. 376.

and going on said crossing from the south," defendant "carelessly and negligently caused a certain train of cars propelled by a steam locomotive to approach the crossing from the east and run over said crossing at the speed of fifty miles per hour, without giving any signal by whistle or otherwise of the approach of said locomotive and train toward or over said crossing," and that just as the automobile driven by plaintiff's decedent was upon defendant's main track, its said locomotive struck the automobile and driver, and inflicted injuries from which plaintiff's decedent died the same day; that plaintiff's decedent was unable to see and did not see the locomotive and cars approaching on account of said box cars so obstructing his view, and did not hear the train because of defendant's failure to give any warning of its approach, and said injuries to and death of said decedent were caused wholly by the negligence of defendant as above alleged. That he left surviving him his wife, who was thereby damaged $10,000, etc. This complaint sufficiently stated a cause of action to withstand a demurrer. The facts alleged charged defendant with actionable negligence and did not necessarily, as matter of law, establish contributory negligence on the part of plaintiff, and in an action for damages for personal injuries, the complaint is not required to state facts showing that the plaintiff was free from contributory negligence, his negligence being matter of defense to be established by the defendant. §380 Burns 1926, §1, ch. 41, Acts 1899 p. 58; *Indianapolis St. R. Co.* v. *Robinson* (1901), 157 Ind. 232, 237, 61 N. E. 197; *Hill* v. *Chicago, etc., R. Co.* (1919), 188 Ind. 130, 135, 122 N. E. 321.

Under its assignment that the court erred in overruling the motion for a new trial, appellant specifies as error the giving of certain instructions and the refusal to give certain others. Appellee insists that none

of the instructions are before the court for consideration because there is no affirmative statement in the order-book entries that the instructions ever were filed; in support of which, it cites *Indianapolis, etc., R. Co.* v. *Ragan* (1909), 171 Ind. 569, 86 N. E. 966. In that case, the order-book entries recited that the defendant requested the court "to give to the jury each of the following instructions, numbered 1 to 15, inclusive" (setting them out), and that the court now "gives to the jury instructions numbered 1 to 9, inclusive, prepared and given to the jury on the court's own motion," followed immediately in the transcript by what purported to be instructions numbered 1 to 9, without any further identification, except for a statement appended by the clerk that "these are the only instructions given by the court to the jury." The order-book entries then recited that the jury retired for deliberation and brought in a verdict, as set out, followed by the statement that "now all the instructions given and those requested by plaintiff and refused by the court, together with all exceptions thereto, are by the court ordered filed and made a part of the record in this case, without a bill of exceptions." But there were no instructions set out in that connection, or in any manner identified as the ones so attempted to be made part of the record, except by the reference contained in the language quoted, all of the instructions to be found anywhere in the transcript having been copied on preceding pages. Appellant asks that the case of *Indianapolis, etc., R. Co.* v. *Ragan, supra,* be overruled. But we do not think it is controlling in the case at bar and for that reason shall not undertake to determine whether or not it was correctly decided upon its own peculiar facts. In that case, there was an attempt to make the instructions a part of the record under ch. 283, Acts 1907 p. 652, §586 Burns 1926, while in the

case at bar, the instructions were incorporated in the record by an order of court under §717 Burns 1926, *infra.*

In the case at bar, after stating that instructions numbered 1 to 37 were tendered by defendant, but that the court refused to give them and defendant excepted, the order-book entry continued; "And said instructions so tendered by the defendant and refused by the court are ordered signed, filed, and made a part of the record without special bill therefor, and are, respectively, *in these words, to wit*"; followed immediately by what purport to be thirty-seven instructions so tendered, and then by a memorandum of exceptions dated and signed by the attorneys for defendant, and by the signature of the trial judge. And after a further recital that the court now gives to the jury written instructions numbered 1 to 34, both inclusive, and that defendant has excepted thereto, the entry states that "said instructions so given by the court of its own motion are now signed and ordered filed as a part of the record herein, without a special bill therefor, and which instructions so given by the court *are respectively in these words, to wit*"; after which the instructions given are set out at length, followed by a memorandum of exceptions signed by defendant's attorneys, and by the signature of the trial judge.

Instructions may be made part of the record by an "order of court" in which they are set out at length, together with the order making them such.

2.  §717 Burns 1926, §650 R. S. 1881; *Pennsylvania Co.* v. *Ebaugh* (1899), 152 Ind. 531, 533, 53 N. E. 763; *Indiana Union Traction Co.* v. *Sullivan* (1913), 53 Ind. App. 239, 101 N. E. 401; *Close* v. *Pittsburgh, etc., R. Co.* (1898), 150 Ind. 560, 564, 50 N. E. 560; Ewbank, Manual (2d ed.) §§27, 36. And the transcript states that this was done in the case at bar, while

there was no attempt to do it in *Indianapolis, etc., R. Co.* v. *Ragan, supra.* The instructions given and those refused are duly shown to constitute part of the record, being made so by an order of court in which they are recited in full.

By instruction No. 3, the jury were told that "In determining whether plaintiff has proven the material allegations of its complaint herein, you are entitled to draw all proper, legal and reasonable inferences from the facts proven." And by other instructions they were duly admonished that while they were the exclusive judges of the evidence and the credibility of witnesses, they must take the law as given to them by the court. We do not think these instructions could have misled intelligent men, such as the jurors presumably were, into the belief that they were at liberty to draw "inferences" of law for their own guidance. Failure to qualify instruction No. 3 by expressly limiting the jury to drawing "inferences of fact" was not harmful error.

The enactment of §2911 Burns 1926, Acts 1917 p. 174, providing that "whoever having charge of a locomotive engine * * * fails or neglects when such engine * * * is approaching a crossing * * * to sound a whistle * * * at a distance of not more than 100 nor less than 80 rods from such crossing, shall, on conviction, be fined," etc., did not repeal the earlier statute making it the duty of railroad companies to equip their locomotive engines with whistles and bells, and of the engineer operating a locomotive to sound the whistle three times at the distance from the crossing as above stated, and to ring the bell continuously until the crossing is passed, and making the company as well as the engineer "liable in damages to any person, or his representatives, who may be injured in property or person * * * by the neg-

lect or failure of such engineer * * * as aforesaid." §§13038, 13039 Burns 1926, §§4020, 4021 R. S. 1881.

Merely providing that any engineer who may fail to blow the whistle at least once between eighty and 100 rods from a crossing shall be subject to a fine falls short of covering the entire subject-matter of the earlier statute imposing a civil liability on both the railroad company and the engineer, unless the whistle is blown three times and the bell rung continuously when approaching a crossing. The court did not err in giving instruction No. 15, which told the jury that failure to give the signals provided for by §13038, *supra,* is negligence.

Instruction No. 16 was a correct statement, in very general terms, of the duty of a person to use reasonable care in crossing a railroad track on a highway, and of what would constitute reasonable care. If defendant desired a more specific instruction, applying the law to the facts of the case, its remedy was to tender such an instruction with a request that it be given. *Cleveland, etc., R. Co.* v. *Smith* (1923), 192 Ind. 674, 681, 138 N. E. 347; *City of Jasonville* v. *Griggs* (1924), 82 Ind. App. 104, 108, 144 N. E. 560.

Instruction No. 18 was to the effect that if the jury should find from the evidence that defendant had standing upon a sidetrack a box car which extended into and was wholly or partially upon the highway on which plaintiff was traveling, placing or leaving it there was a negligent act. The uncontradicted evidence was that the highway, Kline avenue, was eighty feet wide; that only a strip, thirteen feet six inches wide, wholly within the west half of the street was paved, on which plaintiff's decedent was driving at the time he was injured; and that a side track was south of the main track on which the engine that struck him was being operated, and was filled with

box cars for half a mile east of the highway. Further evidence offered by plaintiff was that the line of cars extended into the highway from the east, across the line, a distance (as fixed by different witnesses) of from twenty-five feet to thirty-one feet, six inches, that there was a ditch along the road, right at the *west* end of where the box cars were standing close to the macadam road, which had a deep ditch on each side of it; that plaintiff's decedent was driving north along and upon the macadam roadway, and stopped his automobile south of or upon the side track and looked both ways along the railroad before he drove upon the crossing. While defendant's witnesses who testified on the subject said that all the cars on the side track were east of the highway, and that none of them extended into it at all. There was no evidence whatever tending to prove that the cars were in the highway for only a few feet past the street line on the east, though not so as to interfere materially with the view along the railroad track toward the east when a traveler approached the crossing from the south. As applied to this evidence, the instruction was not open to the objections urged by appellant, and we need not consider and do not decide whether or not it would have been erroneous if there had been evidence tending to prove the condition, suggested by the counsel as a possible one, of a car on the side track extending into the street only two or three feet, at a distance of fifty or sixty feet east of the paved roadway on which plaintiff's decedent was driving.

Appellant complains of the court's refusal to give its instruction No. 10, to the effect that if the jury found the statutory signals to have been given, then the defendant was not guilty of any negligence for which plaintiff could recover. But the com-

plaint, as above set out, alleged that defendant had negligently placed a line of box cars on a side track south of its main railroad track extending into the highway in such a position that a traveler approaching the crossing from the south could not see a locomotive and train coming from the east until he was upon the track, and that, while this condition existed, it negligently ran a train and locomotive from the east over the crossing at fifty miles an hour, without giving any warning at all of its approach, and thereby ran the locomotive against plaintiff's decedent, who was unable to see it approaching because of the box cars obstructing his view, and did not hear it coming. And the instruction was properly refused as invading the province of the jury by declaring that the defendant was not negligent, and therefore that there was no right of recovery for the injury thus inflicted if the whistle was blown a quarter of a mile away and the bell was rung.

The court did not err in refusing to give each of the several instructions asked by defendant, to the effect that a traveler on a highway approaching a

9. railroad crossing must "stop," as well as "look and listen" before driving upon the track. The law of Indiana requires a traveler to exercise reasonable care in the use of his senses, including the senses of sight and hearing. But whether or not it is necessary for him to stop in order to do this usually is a question for the jury, whose exclusive province would be invaded by an instruction declaring that he was bound to stop. *Central Indiana R. Co.* v. *Wishard* (1917), 186 Ind. 262, 269, 114 N. E. 970; *Cleveland, etc., R. Co.* v. *Markle* (1918), 187 Ind. 553, 561, 119 N. E. 371; *Pittsburgh, etc., R. Co.* v. *Dove* (1916), 184 Ind. 447, 453, 111 N. E. 609; *Payne, Agent,* v. *Vise* (1922), 84 Ind. App. 1, 135 N. E. 585, 589; 2 Thompson, Negligence (2d ed.) §1443.

Counsel particularly complain of the refusal to give appellant's instruction, No. 12, to the effect that if decedent could see or knew of the crossing for 200 feet before he reached it, and the view to the east was obstructed by freight cars which prevented him from seeing or hearing an approaching train on the main track until he was within ten or fifteen feet of that track, it was his duty not only to slacken the speed of his automobile and have it under control as he drove up to the track (as the court told the jury by an instruction which it gave), but was his duty, "on reaching a point where he could see whether or not a train was approaching from the east with which he might collide, to have stopped his automobile and ascertained, if he could, by vigilantly looking and listening whether or not a train was approaching from the east, with which he might collide; and if he proceeded on to the track without the exercise of such diligence for his own safety, and collided with an approaching train, he would be guilty of negligence proximately contributing to his injury and death and there can be no recovery in this case." Such an instruction would have amounted to a declaration that, as matter of law, decedent was guilty of contributory negligence if he did not bring his automobile to a complete stop, after he reached a place where he could look down the track. The law does not define the duty of a traveler thus narrowly. The instruction was properly refused.

Neither did the court err in refusing to give instructions asked to the effect that the defendant was not bound to slacken the speed of its train in approaching this crossing or to take any precautions against injuring travelers on the highway unless and until the engineer had actual knowledge that a traveler was approaching and about to pass over the track. If the defendant company, by its own negli-

gent acts in placing its cars, had created a condition dangerous to travelers on the highway, or if it had negligently failed to give the statutory signals, it might be liable in damages for killing a person struck on the crossing, whatever care and diligence the engineer may have exercised after he saw the person there.

Having instructed the jury that the plaintiff had the burden of proof to establish by a fair preponderance of the evidence that defendant was guilty of the 12, 13. acts of negligence charged in the complaint and that such acts of negligence were the proximate cause of the injury and death of his decedent, the court did not err in refusing to give other instructions to the same effect.   And the requested instruction that before plaintiff could recover on account of the engineer's failure to give the signals required by law, it must be made to appear· from a preponderance of the evidence that if such signals had been given, they would have been heard and heeded by the decedent *and the collision and injury avoided,* were properly refused as misleading, in that they might have been understood to mean that nothing but the probability of the statutory signals being heard and heeded in case they had been given should have any consideration, notwithstanding the alleged obstruction to the view of the crossing and the speed at which the train was alleged to have been operated from behind those obstructions, without any warning of its approach.

The other instructions asked, so far as they were applicable, were sufficiently covered by the instructions given.

The judgment is affirmed.