## New York, Chicago and St. Louis Railroad Company *v.* First Trust and Savings Bank, Administrator.

[No. 11,259. Filed November 21, 1923.]

APPEAL.—*Record.*—*Instructions.*—*Bringing into Record without Bill of Exceptions.*—*Statute.*—Where instructions given and those refused are ordered filed and made a part of the record without special bill of exceptions, and they appear at length in the record, followed by exceptions thereto and the judge's certificate, which is dated and signed by him, in which he certifies that the instructions given are "now signed, filed, and made a part of the record," there is a sufficient compliance with §561 Burns 1914 (Acts 1907 p. 652) to make them a part of the record, though it does not affirmatively appear that they were filed.

MAY TERM, 1923. 515

New York, etc., R. Co. *v.* First Trust, etc., Bk.—80 Ind. App. 514.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Action by the First Trust and Savings Bank of Whiting, Indiana, as administrator of the estate of Charles W. McQuaid, deceased, against New York, Chicago and St. Louis Railroad Company. From a judgment for plaintiff, the defendant appeals. *Transferred to Supreme Court with recommendations.*

*Olds and Thomas,* for appellant.
*Gavit, Hall & Smith,* for appellee.

NICHOLS, J.—Action by appellee for damages because of the death of Charles W. McQuaid at a railroad crossing in Lake county, on account of the negligence of appellant in operating a railroad train.

Appellant's demurrer to the amended complaint was overruled, and after answer in denial, the cause was submitted to a jury for trial which returned a verdict in favor of appellee for $3,000. After motion for a new trial was overruled, there was judgment on the verdict from which this appeal.

The errors which appellant undertakes to present pertain to the action of the court in giving or refusing respectively certain instructions.

We are met at the threshold of the discussion of this question by appellee's contention that the instructions are not in the record. The method by which appellant attempted to bring the instructions before the court for review was by having them filed and made a part of the record by the order of the court. It appears by the record that appellant tendered instructions Nos. 1 to 37, inclusive, and asked that the same be given to the jury. The record then states: "And the court now refuses to give each and all of said instructions so tendered by the defendant, to which refusal of the court the defendant separately and severally excepts.

And said instructions so tendered by the defendant and refused by the court are ordered signed, filed and made a part of the record without special bill therefor, and are respectively in these words to-wit:" Here follows in the record what purports to be the thirty-seven instructions tendered by appellant, after which, on the page of the last instruction, appears the following: "The defendant excepts to the ruling of the court in refusing to give to the jury instructions Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, & 37 tendered and requested by the said defendant, and excepts to the refusal to give each of them to the jury.    March 1st, 1921.

RILEY, HEMBROFF, DYER & REED,
OLDS & THOMAS,

Attorneys for Deft.

CHARLES E. GREENWALD, Judge."

Immediately following, the record recites: "And now after argument of counsel to the jury, the court gives to the jury written instructions numbered one to thirty-four, both inclusive, and to the giving of each of said instructions the defendant separately and severally excepts, and said instructions so given by the court of its own motion are now signed and ordered filed as a part of the record herein, without a special bill therefor, and which instructions so given by the court are respectively in these words to-wit:" Then immediately follows in the record what purports to be the thirty-four instructions given by the court. The record then recites: "Comes now the defendant New York, Chicago and St. Louis Railroad Company severally excepts to the ruling of the court of giving to the jury its own written instructions numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 9½, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23,

24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, and except to the giving of each of said instructions to the jury. 3-1-21

Olds & Thomas
Riley Hembroff Dyer & Reed,
Attys. for Deft."

Charles E. Greenwald,
    Judge.

Immediately following this entry, the following certificate appears:

"State of Indiana
County of Lake   ss.:

"I, Charles E. Greenwald, judge of the Lake Superior Court, Room No. 3, do certify that I gave the foregoing written instructions numbered one to thirty-four inclusive, to the jury, in the case of First Trust and Savings Bank of Whiting, Indiana, as Administrator of the estate of Charles W. McQuaid, deceased vs. New York Chicago and St. Louis Railroad Company, and that said instructions were all of the instructions which I gave to said jury, and the same are now signed, filed and ordered made a part of the record.
Dated this 1 day of March, 1921, at Gary, Indiana.

Charles E. Greenwald, Judge."

In regard to the instructions given, it must be observed that the court's certificate follows the same wherein he certifies on the same date upon which the instructions were given that "the same are now signed, filed and ordered made a part of the record."

Section 561 Burns 1914, Acts 1903 p. 338, provides that—"All instructions requested shall be plainly written and numbered consecutively and signed by the party or his counsel. The court shall indicate before instructing the jury, by a memorandum in writing at the close of the instructions so requested, the numbers of those

given and of those refused, and such memorandum shall be signed by the judge. All instructions given by the court of its own motion shall be in writing  *  *  * and  *  *  *  shall be numbered consecutively and signed by the judge.  *  *  *  All instructions requested, whether given or refused, and all instructions given by the court of its own motion, shall be filed with the clerk of the court at the close of the instruction of the jury. Exceptions to the giving or refusing of instructions may be taken  *  *  *  in writing at the close of the instructions requested, or given by the court of its own motion, in which case the party excepting or his counsel shall enter at the close of such instructions a memorandum, which shall be dated and signed, setting forth in substance that such party excepts to the giving or refusing, as the case may be, of each of the above instructions, designated by its number." The section then ends with the provision that such instructions are a part of the record without a bill of exceptions. That there has been a substantial compliance with this section is apparent, unless it may be said that it does not affirmatively appear that the instructions were actually filed with the clerk of the court. It need hardly be said that the court is fully satisfied that the instructions tendered by appellant and refused, and instructions given by the court upon its own motion, are clearly the ones that are set out in the record as above indicated. But appellee says that it does not affirmatively appear that the instructions were filed. It does appear, however, that the instructions were "ordered signed, filed and made a part of the record without special bill therefor." Against whom was this order issued? These instructions were at the time in the hands of the court and were put into his record. Did the court make an order against himself that he afterward refused to obey, and so failing must appel-

lant suffer because of the court's refusal to obey his own order? There is only one other person against whom the order could have issued, for the instructions at the time had been presented to the court and were in the court's hands. It might have been issued to the clerk of the court to file the instructions with himself. Whichever construction we put upon the order, it seems to us that the presumption is, in the absence of a showing to the contrary, that the court or clerk did his duty, and the evidence to that effect sustains the presumption, for the respective sets of instructions are in the court's record following, as to each set, the words, "And are respectively in these words, to-wit."

Appellee, to sustain its contention that the record does not affirmatively show that the instructions were filed, cites *Indianapolis, etc., R. Co.* v. *Ragan* (1909), 171 Ind. 569, 86 N. E. 966. That case is very similar to the instant case. The court says therein that—"Aside from the order of the court directing that the instructions given and refused be filed, there is nothing whatever to show that this order was complied with, and that the instructions given and refused were actually filed with the clerk of the lower court. It therefore follows for the reason stated that the instructions given and refused are not a part of the record, consequently we are precluded from reviewing any questions raised by appellants relative thereto." Numerous authorities are cited to sustain this rule, and it has been followed since by both the Supreme and Appellate Courts.

Under this rule, notwithstanding the plain record above, which convinces us that there was a good faith effort on the part of the court and of the parties concerned to make the instructions a part of the record, and that there is no question but that the instructions in the record are sufficiently identified as the ones that were given or refused by the court, still we must hold

that they are not in the record and cannot be considered by the court.

There is no provision in the statute that requires an "order" of the court that instructions shall be signed, filed or made a part of the record, and such an order, in our opinion, is wholly unnecessary. The statute makes it the duty of the court to sign instructions at the close of the instruction of the jury and to file them with the clerk. In this case we are of the opinion that the act of the court in signing the instructions and ordering them filed is equivalent to filing them with the clerk. The instructions at this time are necessarily in the hands of the court and such mandate is against the court. In the face of the presumption referred to above, that the court did its duty, it seems to us that the rule that requires an affirmative showing in the record is entirely too technical to meet with the approval of either the bench or bar. We submit that the rule as announced in *Indianapolis, etc., R. Co.* v. *Ragan, supra,* and in other cases in harmony therewith, should be disapproved and that the statute be given such a reasonable interpretation as not to preclude the examination of instructions on their merits when presented by such a record as we have before us. We therefore transfer this cause, together with our opinion as to what the law should be, to the Supreme Court for its consideration. Because of the conclusion we have reached, we have not considered other questions presented.